WILLIAMS
*v.*
MORANCY.

---

## BATTAILE *v.* O'NEIL.

When in an action for the price of work, alleged in the petition to have been done under a verbal contract, defendant answers that there was a written agreement, which he annexes to his answer, and plaintiff on the same day files a supplemental petition declaring that though the work was commenced under a verbal agreement a written agreement was subsequently made and then in possession of defendant, and the latter goes to trial without objecting that no default had been taken or issue joined on the supplemental petition. the substance of the demand not being changed by the supplemental petition, and there being no surprize, the informality will be considered to have been waived.

APPEAL from the District Court of St. Tammany, *Jones*, J.  *J. R. Jones* and *Childress*, for the plaintiff.  *A. Hennen*, for the appellant.  The case should be remanded as there was no issue joined on the supplemental petition, nor any answer to it.  1 Mart. 205.  2 Mart. N. S. 264.  2 Ann. Rep. 352. The judgment of the court was pronounced by

SLIDELL, J.  This action is for work done to the defendant's vessel.  The original petition stated the agreement of the parties to have been verbal.  The defendant answered, pleading, among other matters, that there was a written agreement, which he annexed to his answer.  On the same day upon which the answer was filed the plaintiff filed a supplemental petition, alleging that although the work was commenced under a verbal contract, a written agreement was subsequently made, and that it was in the possession of defendant.  Its production was prayed for.  An agreement was made in writing on the 14th May, 1846, appointing the first monday in June, 1846, for the trial of the cause.  The defendant's answer and the supplemental petition were filed on the 3d June, 1846; and on the 5th June, 1846, witnesses were examined on the part of the plaintiff and defendant, and judgment was rendered for the plaintiff.

It is now assigned as error by the defendant that, there was a supplemental petition filed, on which the case was tried, and judgment given, without an answer filed or issue joined upon it.  We are of opinion that the objection is not well taken.  It will be observed that the substance of the plaintiff's demand was not essentially changed; the supplemental petition being, in effect, a notice to the defendant that the plaintiff would rely in support of his claim upon written evidence in possession of the defendant, and a call for its production.  If the defendant after producing the written agreement had refused to go to trial until a default taken, or issue joined, upon the supplemental petition, we are not prepared to say that the court could have compelled him to go to trial.  But no such objection appears to have been made; it is evident that there was no sur-

BATTAILE
*v.*
O'NEIL.

prise, and the defendant having had a fair opportunity to make his defence, cannot now escape from the implied waiver of a mere informality which has done him no injury.

Upon the merits the judgment is sustained by the evidence.

*Judgment affirmed.*