<hr />

## C. A. BARRIÈRE & BROTHER *v.* D. McBEAN.

The accidental omission in the petition of the name of one of the plaintiffs, where they are a firm, will not vitiate an attachment where the affidavit was made by one of the firm on behalf of the firm, and the bond was given by the firm as principals.

In such a case no new bond and affidavit are required.

The property of a partnership having a domicil out of the State can be attached here in a suit against one of the partners.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J. *H. A. Morse* and *Chilton & Harrison*, for plaintiffs. *Smiley & Perrin* and *M. M. Cohen*, for defendant and appellant.

SPOFFORD, J. This suit was commenced by attachment. A quantity of lumber was seized, and also rights and credits in the hands of *Stocker*, who was made a garnishee.

*Stocker*, as agent of *McBean*, bonded the lumber immediately. The condition of the bond was that, whereas the attachment had been released upon the appearance of the defendant in the suit, the said defendant should satisfy whatever judgment might be rendered against him in the cause.

From a final judgment rendered against him in conformity to the prayer of the petition this defendant has appealed.

There was a judgment against the garnishee for a part of the sum claimed. He has taken no appeal.

There are no intervenors in the cause.

The appellant urges that in the original petition *François G. Barrière*, one of the firm of *C. A. Barrière & Brother*, did not appear, and that, therefore, the attachment was a nullity which could not be cured by the subsequent appearance and joinder of *F. G. Barrière* in a supplemental petition. The case of *Purdee* v. *Coche*, 18 L. 660, is cited in support of this view.

The case is not in point. Here the affidavit was made by one of the firm on behalf of the firm, and the bond was given by the firm as principals. The defendant's rights were thereby fully protected. No new bond and affidavit

were given or required. The accidental omission of the name of one of the firm in the petition might well have been supplied by an amendment, it appearing that the suit was brought in the interest of the firm.

On the oral argument it was suggested that the cause was not at issue when it was fixed for trial. There is nothing of record to show this; moreover, if there was, the defendant should have objected to going to trial at the time the cause was called for trial.

The appellant mainly relies for the reversal of the judgment upon an allegation that he was only interested as a partner in the property seized, and that the property of a Mississippi partnership cannot be attached in this State in a suit against one of the partners.

The contrary doctrine seems to have been held in *Fraser & Co.* v. *Thorpe*, 9 An. 518. See also Story on Partnership, § 261 *et seq.*

Something belonging to the defendant was seized. He admits that as a partner he had a right of property in the lumber. He was, therefore, brought into court. He bonded the property in his own name. He thereby contracted the obligation of defending the suit and responding to a personal judgment against him. *Kendall* v. *Brown*, 7 An. 668. The plaintiff's claim was fully proved.

We see no error in the judgment to the prejudice of the appellant.

Judgment affirmed.