### W. D. McCoy *v.* A. SANSON—ESTATE OF CARASCO, Intervenor.

It is too late for a party to a suit to plead the want of issue joined, upon a petition of intervention, after he has gone into trial without answering it, unless he can show that he was ignorant, before going to trial, of the existence of the intervention in the record.

APPEAL from the District Court of the Parish of Rapides, *Cullom*, J.
*W. B. Lewis, Hyman & Cazabat* and *T. C. Manning*, for plaintiff and appellant. *M. Ryan* and *J. H. Overton*, for defendant and appellant. *Mercer Canfield*, for Intervenor.

McCoy
v.
Sanson.

Buchanan, J.  Plaintiff sues defendant, by the petitory action, for a tract of land in the possession of the latter.

The administrator of *Landry Carasco*, deceased, intervenes ; and claiming the property as belonging to the succession which he administrates.  He opposes therefore, both plaintiff and defendant.

Defendant alone answered the intervention.  But on the trial of the cause, which was full six months after the intervention filed, the plaintiff objected to the right of the intervenor to have his intervention passed upon, for want of an issue joined upon the same.  We think this objection was ill taken.  Article 393 of the Code of Practice certainly contemplates an issue upon intervention.  The Article says that the petition of intervention must be served upon the party against whom it is directed, in order that he may answer to the same in the delay given in ordinary suits.  But the plaintiff has chosen to go to trial without answering.  His objection was only made after the evidence and argument were closed.  There is no suggestion in the bill of exceptions, that he was ignorant, before going to trial, of the existence of this intervention in the record.

The plaintiff brings a petitory action against the defendant for land, which plaintiff claims under title derived from *Charles Gustave Carasco*.  The defendant pleads the general issue.  The administrator of *Landry Carasco* intervened, claiming to be the owner of the *locus in quo*.

The substance of the allegations of the petition of intervention is, that *Landry Carasco*, an elder brother of *Charles G. Carasco*, being involved in debt, took the title of the land in the name of *Charles Gustave*, in the year 1846, the latter being then a small child, and without any means ; that the purchase was in reality made by *Landry Carasco*, and that *Landry* always remained in possession of the land as owner, down to his death in 1853.

Defendant offered some notarial conveyances of land, as evidence of title in himself, but a survey made by order of court shows that defendant has the entire quantity called for by his titles, without conflicting with the land claimed under the *Carascos*.  Indeed, defendant's titles give *Landry Carasco* as a boundary.  A jury empannelled to try the issues, found a verdict in favor of the intervenor ; and although both plaintiff and defendant appealed, yet the contest in this court is entirely between the plaintiff and intervenor.  It is sufficiently shown, by evidence admitted without objection, that *Landry Carasco* was in possession of the land from 1846 to the time of his death ; that it was known as the " Landry Carasco place," that *Charles Gustave Carasco* lived with his brother, and could not have been more than eleven years of age, in the year 1846, and, that in selling to plaintiff, he merely intended to sell " his claim."

Upon the whole case, as presented to the jury, we think it was competent for them to decide whether *Landry* or *Gustave Carasco* was the real owner of the *locus in quo* ; and we see no sufficient reason to disturb their verdict.

Judgment affirmed, with costs.