RICHARD ENGLAND *v.* THEODORE GRIPON, owner of Steamboat CORA.

The Act of Congress, entitled " An Act for the better security of the lives of persons on vessels navigated in whole or in part by steam," may be invoked, as the basis of a civil action, to remedy a private grievance or wrong, caused by a failure to comply with its provisions.

The neglect to provide the tackle, apparel and furniture required by law for the equipment of a vessel is the fault of the owner himself, and he is, therefore, responsible to the master of a slave, hired on board his boat and lost through such neglect, for the value of such slave.

The admissibility of evidence given of facts not alleged in the petition, should be objected to when offered, and the point reserved; otherwise it will be considered as if it had been responsive to an allegation in an amended petition, filed with consent of the opposite party.

APPEAL from the Fourth District Court of New Orleans, *Price, J.*

*B. Egan,* for plaintiff and appellant. *Hunt & Denègre* and *Blocker,* for defendant.

BUCHANAN, J. Plaintiff sues for the value of a slave, alleged to have been lost by falling overboard and drowning from on board of defendant's steamboat, in consequence of said steamboat not being provided with a yawl or small boat, as required by the 4th section of the Act of Congress approved the 3d August, 1852, entitled " An Act for the better security of the lives of persons on vessels navigated in whole or in part by steam."

The slave was hired to the boat as a fireman. He fell overboard about eight o'clock in the evening. Several witnesses swear that he might have been saved, had the Cora been provided with a yawl.

A point is made for defendant, that the Act of Congress relied upon by plaintiff is a penal Act, and cannot be invoked as the basis of a civil action to remedy a private grievance or wrong. But we do not perceive the force of this argument. Almost all crimes or misdemeanors, although the subjects of prosecution at the suit of the State, are attended with injury to individuals. The public prosecution has never been held to exclude the private action. On the contrary, the fault of defendant, which is the gist of the civil action in damages, under Article 2294 of the Civil Code, is most directly and conclusively established by proof of facts which might have been the ground of a criminal prosecution against him. We have very lately decided, that the owners of vessels were bound towards masters of slaves hired by them, in an implied warranty that no injury should result to the slaves so hired, from mismanagement and fault on the part of any officers of the boat. *Howes* v. *Steamer Red Chief,* decided May 14th, 1860. The present case is a stronger one; for the neglect to provide the tackle, apparel and furniture required by law for the equipment of a vessel, is the fault of the owner of the vessel himself, with which he is directly and immediately chargeable.

The allegations of the petition are proved to our satisfaction.

Evidence has also been given, without objection, of facts not alleged in the petition, tending to show that the cause of the slave's falling overboard was the condition of the woodpile, which occupied the whole of the guards and rendered it dangerous to pass from forward to the after part of the boat.

The counsel of the defendant insists that this portion of the testimony should be disregarded. But under our practice, its admissibility should have been ob-

jected to when offered, and the point reserved; otherwise it will be considered as <span style="float:right">ENGLAND</span>
if it had been responsive to an allegation in an amended petition, filed with con- <span style="float:right">GRIFON.</span>
sent of the opposite party.

The judgment of the District Court is, therefore, reversed; and it is adjudged
and decreed by this court, that plaintiff and appellant recover of defendant and
appellee twelve hundred and fifty dollars, with legal interest from judicial demand,
11th December, 1857, until paid, and costs in both courts.

LAND, J., absent.