Statement of the Case.
MONROE, J.
It appears that, the relator having appealed to the district court from a judgment rendered against it by a justice of the peace, the appellee moved to dismiss the appeal, on the grounds that the bond was insufficient in amount, that it did not purport to bind any one as surety, that there had been no order granting the appeal or fixing the amount of the bond, and that, if there was any order of appeal or bond, which was denied, the same was granted and filed before the rendition of the judgment appealed from; and, the motion having been sustained and the appeal dismissed, the present application is made to this court to prohibit the judge of the district court from proceeding to execute the judgment rendered by him, and to command him to hear the ease as though such judgment had not been rendered.
Showing cause why the writs prayed for *557 should not issue, the respondent judge says that the relator has another remedy, to wit, a devolutive appeal; that the appeal, as taken, was properly dismissed, because the surety does not appear to be connected with the bond, save by his signature, and because there appears to have been no order granting the appeal; that the case was tried December 23, 1903, and, in view of the fact that the justice desired to take it under advisement, it was agreed between the counsel that upon the rendition of his judgment he might at the same time grant an order of appeal in favor of the party cast, notice of which should be considered waived, and that “the justice of the peace has simply copied this agreement and waiver of notice of appeal in lieu of his rendering an order of appeal.” “This fact,” continues the judge, “is not disputed by the counsel for either side. * * * The justice of the peace failed to render an order of appeal, nor is there any order of appeal found anywhere in the record.”
From the transcript which accompanies the judge’s return it appears that the case against the relator was on trial in the justice court December 23 and 24, 1903, and that judgment was rendered and signed December 29, 1903.
We then find the following, to wit;
“Order of appeal from the justice of the peace court, of date December 29, 1903. The counsel for the plaintiff and defendant, being in open court, agreed that an order of appeal be rendered, and appeal granted, without notice 'to the party east in this suit. This 29th day of December, 1903. [Signed] O. M. Bevill, J. P.”
In the petition herein filed the relator ■says: “That the plaintiff, F. L. Sare, and his counsel * * * the Hudson Lumber Oo. and their counsel * * *, were present in open court on the 24th day of December, 1903, and that it was agreed * * * on that day * * * that the said justice of the peace should render his judgment later, and that either party east in the suit should appeal * * *, and that each party waived notice of such appeal; * * * that final judgment was rendered on the 26th day of December, 1903, * * * and counsel for defendant notified - * * *, and said counsel * * * asked verbally, and obtained, a suspensive appeal; * * * that said judgment * * * was signed on the 29th day of December, 1903, according as it had been rendered on the 26th day of December, 1903; * * * that your relator furnished bond and filed the same * * * on the 28th day of December, 1903; * * * that a full, complete, and correct transcript of all the proceedings had by and before the said * * * justice of the peace in said cause was filed in the clerk’s office of the Fifth Judicial District Court for Winn parish, Louisiana, on the 26th day of January, 1904,” etc.
In the brief filed on behalf of the relator it is said: “On December 23, 1903, defendant, Hudson Lumber Co., filed its answer. * * * Then the case was tried in the justice of the peace court, and on December 29, 1903, judgment was rendered, read, and signed in open court. At that time, counsel for plaintiff and for defendant being in open court, counsel for defendant, Hudson Lumber Co., verbally, asked for a suspensive appeal, tendering his bond in favor of the plaintiff, * * * whereupon the justice of the peace granted, verbally, a suspensive appeal, counsel for plaintiff and for defendant both being in open court at the time, and each agreeing, in the presence of the court, to waive notice of appeal.”
Opinion.
Considering that the transcript of the record in the ease of F. L. Sare against Hudson Lumber Company, as filed in the district court, fails to disclose that any order of appeal was granted to the defendant; consid *559 ering that it does not appear that any attempt was made 'in the district court to show, by evidence dehors the record, that such order was ever granted, verbally or otherwise; and considering that the return of the respondent judge shows that no such order was granted — it is ordered, adjudged, and decreed that the demands of the relator be rejected, and its application dismissed, at its cost.