(105 So. 14)

No. 24939.

## HENDERSON v. HOLLINGSWORTH et al.

(May 25, 1925. Rehearing Denied June 22, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Execution** 182 — **Third person, claiming ownership of property seized under fieri facias, held not entitled to raise question as to validity of judgment and seizure thereunder.**

Third person, claiming ownership of property seized under writ of fieri facias issued on judgment, *held* not entitled to raise question as to validity of judgment and writ, where she was not the judgment debtor, and, if owner of part claimed she was entitled to it, without reference to validity of judgment, and, if not, it was immaterial whether judgment was rendered or whether seizure thereunder was valid or invalid.

2. **Judgment** 720—**Question as to validity of judgment and seizure under writ of fieri facias not considered, where validity of judgment on ground urged was recognized on appeal by judgment debtor.**

Question of validity of judgment on ground urged by third person, in opposition to execution of writ of fieri facias on judgment, would not be considered by reviewing tribunal, where question was raised on appeal by judgment debtor in case in which judgment was rendered, and on that appeal its validity was recognized.

3. **Appeal and error** 882(4) — **Intervener could not complain because her intervention had not been put at issue by default entered or answer filed.**

Where intervener went to trial on her intervention, without seeing that it was first put at issue, introduced her evidence under it, and submitted the case, she could not thereafter complain that judgment rendered should be set aside because her intervention had not been put at issue by default entered or answer filed.

Appeal from First Judicial District Court, Parish of Caddo; E. P. Mills, Judge.

Suit by F. C. Henderson against J. J. Hollingsworth and others, with garnishment of the American National Bank and another, in which Lizzie L. Hollingsworth filed an opposition. From judgment sustaining in part and rejecting in part her opposition, Lizzie L. Hollingsworth appeals. Affirmed.

Alpha, Fisher & Pegues, of Shreveport, for appellant.

John B. Files, of Shreveport, for appellee.

OVERTON, J. Plaintiff brought suit in the district court, in and for the parish of Caddo, against J. J. Hollingsworth and others to annul, upon the ground of fraud, the sale of a mineral lease, made to him, and to recover judgment for the purchase price paid. Plaintiff recovered judgment in that suit against Hollingsworth for $38,000, with legal interest thereon from August 9, 1917, until paid. An appeal from the judgment rendered was taken to this court and the judgment was here affirmed. See Henderson v. Hollingsworth, 157 La. 474, 102 So. 577.

Pending the appeal, plaintiff caused a writ of fieri facias to issue from the judgment procured by him, and, under the writ, garnished in the hands of the American National Bank and the Commercial National Bank, of Shreveport, as belonging to Hollingsworth, certain mortgage notes, shares of stock, and money on deposit.

When the foregoing property was seized, three third oppositions were filed by persons claiming parts of the property seized as theirs. One of these oppositions was filed by Miss Lizzie L. Hollingsworth, a sister of J. J. Hollingsworth. On the trial of the case, the opposition filed by Miss Hollingsworth was sustained in part and rejected in part. From the judgment rendered on her opposition, Miss Hollingsworth prosecutes the present appeal.

[1, 2] The first position taken by Miss Hollingsworth, in this court, is one not mentioned in the third opposition, filed by her. That position is that the judgment rendered in favor of plaintiff and against J. J. Hollingsworth, from which the writ of fieri facias issued, and under which the property

claimed by her was seized, is null and void. She contends that said judgment is null because it does not appear that it was rendered and signed in open court, and hence she argues that, as the judgment is null, the seizure, made under it, is necessarily null and void. It may be observed, however, that Miss Hollingsworth has no interest in raising that question. She is not the judgment debtor. She is merely a third person claiming the ownership of part of the property seized. If she is the owner of the part claimed by her, it is immaterial whether the judgment, under which the seizure was made, is valid or invalid, for, in the event she is the owner of that part, she is entitled to it without reference to the validity of the judgment, under which the writ issued, and, if she is not the owner of the property, claimed by her, she has no concern as to whether the judgment rendered, or whether the seizure, made under it, is valid or invalid. However, if we go so far as to assume that she has an interest in taking the position, taken by her, still it may be observed that the question of the validity of that judgment, on the ground here urged, was raised on appeal by the judgment debtor, in the case in which the judgment was rendered, and on that appeal the validity of the judgment was recognized. See Henderson v. Hollingsworth, cited supra. We are satisfied with the correctness of the ruling there made.

[3] The next position taken by Miss Hollingsworth is that the judgment rendered by the trial court, on the third opposition filed by her, which is the judgment appealed from, is itself null and void. The basis for this contention is that the third opposition, upon which the judgment was rendered, was not put at issue either by the taking of a default or by the filing of an answer.

J. J. Hollingsworth, the seized debtor, though a party defendant to the third opposition, is not complaining of the judgment rendered. In fact, on the trial of the opposition, he took the witness stand, and disclaimed owning any interest in the property seized. Miss Hollingsworth is alone complaining of that judgment. When the third opposition filed by her was called for trial, she raised no objection to its trial, on the ground that it had not been put at issue, but instead offered evidence in support of the opposition, and when she rested, plaintiff, who was the seizing creditor, offered evidence in rebuttal, and the case was then submitted to the trial court for decision, and judgment was rendered on the proceedings thus had. The question therefore is whether the judgment rendered should be set aside as illegal, on the ground here urged and under the facts stated. Miss Hollingsworth contends that it should be, and cites among other cases, in support of her contention, the following: Hughes v. Harrison, 8 Mart. (N. S.) 297; Calvet v. Calvet, 8 Mart. (N. S.) 301; Heirs of Ballio v. Prudhome, 8 Mart. (N. S.) 338; Caldwell v. Fales, 2 La. 130; Allain v. Preston, 2 La. 391; Brown v. Brown, 21 La. Ann. 461; St. Amand v. Long, 25 La. Ann. 166; and Woolfolk v. Woolfolk, 30 La. Ann. 140.

The cases cited above support in principle the position taken by Miss Hollingsworth. In most of them it appears that the original petition filed by the plaintiff was put at issue, but that, after issue joined, the plaintiff filed an amended petition, setting forth matters of substance, which were not put at issue, and on appeal the judgment rendered was set aside on the ground that the case was tried in the absence of issue joined on the amended petition, and hence was void. In others, such as Woolfolk v. Woolfolk, 30 La. Ann. 139, an intervention was filed and tried in the absence of issue joined thereon, and on appeal the judgment rendered on it was set aside, because, among other reasons, the intervention had not been put at issue by default taken or answer filed. In none of these cases does it appear that any objection was urged to go-

ing to trial in the absence of issue joined, and in all of them, so far as we are able to discern from the opinions rendered, the party complaining on appeal took part in the trial. Hence it may be said that these cases support the position taken by Miss Hollingsworth. They are based upon the theory that the parties to the suit cannot dispense with the joinder of issue.

The jurisprudence, however, on the issue here presented, is not uniform. Rulings contrary to the above were made in McCoy v. Sanson, 13 La. Ann. 455, and Succession of Ball, 42 La. Ann. 204, 7 So. 567. In each of those cases it appeared that an intervention was filed; that the intervention was not put at issue; that the parties to the litigation had knowledge that the intervention had been filed; that, although they possessed such knowledge, no objection to the consideration of the intervention was made upon the ground that it had not been put at issue, until the close of the trial, and in each case our predecessors ruled that the objection came too late, which, in effect, was holding that, under the facts of each case, the intervener and those objecting to the consideration of the intervention would be bound by the judgment about to be rendered, notwithstanding the intervention had not been put at issue by the entering of a default or by answer filed. Thus, in Succession of Ball, the trial court refused to consider the intervention after the objection mentioned was made, and this court said:

"We think the judge erred in declining to pass on the intervention under the circumstances of this case. The objection of opponents, however sound, if timely urged, came too late. A similar question has already been passed upon by this court in a decision from which we quote: 'On the trial of the cause, the plaintiff objected to the right of intervener to have his intervention passed upon for want of an issue joined upon the same. We think this objection was ill taken. Article 393 of the Code of Practice certainly contemplates an issue upon an intervention. * * * But the plaintiff has chosen to go to trial without answering. His objection was only made after the evidence and argument were closed. There *is no suggestion that he was ignorant, before going to trial, of the existence of this intervention in the record.'* McCoy v. Sanson, 13 An. 456."

In our opinion the view expressed in McCoy v. Sanson and in the Succession of Ball is the better view. The contrary view is highly technical, and it seems to us is out of line with the well-established jurisprudence to the effect that, where evidence, offered by a plaintiff, which is not admissible under his petition, is received without objection, the opposite party being present and taking part in the trial, the evidence so received has the effect of amending the petition. In all such instances it is obvious that the amendment thus made is not put at issue, save perhaps by evidence offered in rebuttal, yet the legality of the proceeding is recognized.

For the foregoing reasons our conclusion is that, where an intervener or a third opponent goes to trial upon her intervention or third opposition, without seeing that it is first put at issue, introduces her evidence under it, and submits the case, she should not be heard thereafter to complain that the judgment rendered should be set aside, because her intervention or third opposition had not been put at issue by default entered or answer filed. For these reasons we think that the judgment in the case at bar should not be set aside upon the ground here urged.

Miss Hollingsworth also contends that under the evidence adduced on the trial she should be recognized as the owner of all of the property seized as belonging to her brother, J. J. Hollingsworth, and claimed by her. As we have seen, the lower court rendered judgment in her favor for a part of the property seized, but rejected her demand as to the remainder. We have carefully examined the evidence, and fail to find that the trial judge has erred in his appreciation of it, or in the rulings made by him, based upon it. In our view, he has done substantial justice.

For the reasons assigned, the judgment appealed from is affirmed, appellant to pay the costs.

O'NIELL, C. J., concurs in the result.