ROGERS, Justice.
 

 Mrs. Rose Trascher Ducote brought two suits for divorce against Adraste Du-cote. In the first suit, Mrs. Ducote charged her husband with adultery. In the second suit, which was filed eleven months after the first suit, she alleged a separation and living apart for more than four years. The first suit was allotted to division E of the Civil district court, and the second suit was allotted to division A of the same court. Defendant filed an answer in the first suit, and an exception of lis pendens in the second suit. Subsequently, the second suit was transferred regularly to division E, where the original suit was pending. The suits were consolidated and regularly posted for trial as one case. On the day fixed for the trial, both parties appeared in person and by their respective attorneys. Wlmn the case was called for hearing, the trial judge announced that he would overrule the exception of lis pendens and proceed with the trial of the suit for divorce based on the four years’ separation and living apart of the parties. Defendant offered no objection to the trial of that case. On the contrary, through his counsel, he expressed his willingness for the trial to proceed, reserving only his right to insist on the dismissal of the suit for divorce predicated on the ground of .adultery. Counsel for plaintiff produced two witnesses to prove the four years’ separation and living apart as alleged in the petition; namely, plaintiff herself, and the defendant, who 'was called for cross-examination. Both witnesses in their testimony supported the allegations of the petition. The case was closed without the introduction of any evidence on the part of the defendant, whose counsel stated that his client had no defense to offer. Accordingly, the trial judge rendered a judgment in plaintiff’s favor decreeing an absolute divorce between the parties, granting plaintiff the custody of the two minor children of the marriage, ordering defendant to pay $7 a week as alimony for the support of the children, recognizing certain property' as community property and ordering that it be inventoried and partitioned, all as prayed for by plaintiff. • The judgment also ordered the dismissal of the original suit for di
 
 *889
 
 vorce based on the charge of adultery, as requested by the defendant. Without asking for a new trial, defendant applied for and was granted an appeal from the judgment.
 

 Defendant contends that in the absence of an answer or a default the judgment is null and should be set aside. The only authority cited by defendant in support of his contention is the case of Labit v. Perry, 28 La.Ann. 591.
 

 The mere reading of the decision in Labit v. Perry, is sufficient to show that it is not applicable to the facts of this case. There the administrator of a certain succession sued the succession of his predecessor for moneys received by him and not accounted for. No trial of the merits of the case was had. The suit was dismissed by the trial judge on defendant’s exception to the plaintiff’s right to sue. This court held that the ruling was erroneous, stating there was no dispute about1 plaintiff’s capacity; that an administrator had the right to sue for the debts due to the estate so long as he continued to be administrator; and that no issue had been joined on the merits. Accordingly, the court annulled the judgment, overruled the exception, and ordered the case remanded for trial on the merits.
 

 But in this case we think the issue was joined, not technically, perhaps, as prescribed by the Code of Practice (section 357 et seq.), but tacitly, if not expressly, by defendant’s appearance and participation in the trial of the case without objection. The legal effect was the tendering by defendant of the general issue, thereby putting upon plaintiff the proof of the truth of her allegations.
 

 However that may be, by not insisting on his right to file an answer or that a default should be entered as a condition precedent for the rendition of the judgment, defendant unquestionably waived those requirements.
 

 While there cannot be any derogation by individuals from the force of laws made for the preservation of public order and good morals, with respect to laws governing individual rights all persons may renounce what the law has established in their favor. The rule is stated in article 11 of the Civil Code, and reads as follows, viz.:
 

 “Individuals can not by their conventions, derogate from the force of laws made for the preservation of public order or good morals.
 

 “But in all cases in which it is not expressly or impliedly prohibited, they can renounce what the law has established in their favor, when the renunciation does not affect the rights of others, and is not contrary to the public good.”
 

 The articles of the Code of Practice requiring that issue be joined by answer or default as a condition precedent for the rendition of a judgment cannot in any sense be considered as laws of public order or good morals, but rather as laws enacted for the protection of a limited class of individuals, which do not concern the general public. A derogation from those laws cannot be interpreted as a breach of
 
 good
 
 morals or of the public good. They merely create a privilege in favor of an individual which he is at liberty to renounce
 
 *891
 
 at any time. If, notwithstanding the privilege granted him by law, a defendant consents to the trial of his case without insisting on the filing of an answer or the entering of a default, how can he be heard to complain of the judgment? Such renunciation on defendant’s part does not injure his legal rights. Neither is it violative of the rights of others, nor contrary to the public good.
 

 There are a number of cases in our jurisprudence which hold that a defendant who goes to trial cannot afterwards object that no issue has been joined.
 

 Thus, in Barriere v. McBean, 12 La. Ann. 493, at page 494, appears the following statement, viz.: “On the oral argument it was suggested that the cause was not at issue when it was fixed for trial. There is nothing of record to show this; moreover, if there was, the defendant should have objected to going to trial at the time the cause was called for trial.”
 

 In Battaile v. O’Neil, 3 La.Ann. 229, this court held that after going to trial a defendant (there being no surprise) could not object that no issue was joined on a supplemental petition which without changing the substance of the demand informed him that although the work was undertaken under a verbal contract, a written agreement was subsequently made, which agreement was in defendant’s possession and its production called for. In the course of the opinion, Mr. Justice Slid-ell, its author, comments as follows upon defendant’s contention that the case was tried and judgment given on the supplemental petition without an answer filed or issue joined upon it, viz.: “We are of opinion that the objection is not well taken. * * * If the defendant, after producing the written agreement had refused to go to trial until a default taken, or issue joined, upon the supplemental petition, we are not prepared to say that the court could have compelled him to go to trial. But no such objection appears to have been made; it is evident that there was no surprise, and the defendant having had a fair opportunity to make his defence, cannot now escape from the implied waiver of a mere informality which has done him no injury.”
 

 The language which we have quoted from the opinion in Battaile v. O’Neil is peculiarly appropriate to this case. If the defendant here had refused to go to trial, until his answer was filed or a default taken, the trial judge could not have compelled him to do so. But defendant made no such objection. He consented to go to trial, and had a fair opportunity to make his defense. Hence, he cannot escape from the waiver of a purely personal right which has done him no injury.
 

 In McCoy v. Sanson, 13 La.Ann. 455, it was held by this court that it was too late for a party to a suit to plead the want of issue joined upon a petition of intervention, after he had gone to trial without answering it; there being nothing to show that he was ignorant, before going to trial, of the existence of the intervention in the record.
 

 It has also been held that when the plaintiff goes to trial without making the objection that issue is not joined on a reconventional demand he cannot make objec
 
 *893
 
 tion afterwards, supposing even that it is necessary to join issue on such a demand. See Erwin v. Bank of Kentucky, 5 La.Ann. 1; Arrowsmith v. Durell, 14 La.Ann. 849.
 

 In State v. Hampton, 14 La.Ann. 725, 726, it was held an objection that the record failed to show issue joined by the taking of a default against some of the defendants was not maintainable when bills of exception to the introduction of evidence and a peremptory exception filed by all the defendants showed that they defended the suit.
 

 In the Succession of Ball, 42 La.Ann. 204, 7 So. 567, this court declared it was too late, after a case had been taken up, the intervention read without objection as part of the pleadings, and the evidence heard and concluded, for a party to object to having the intervention passed upon for want of issue joined thereon. The court cited and quoted with approval from the case of McCoy v. Sanson, 13 La.Ann. 455, 456, hereinabove referred to.
 

 In the recent case of Henderson v. Hollingsworth, 158 La. 921, 105 So. 14, this court held that where an intervener went to trial on her intervention without objection,
 
 offered
 
 evidence in support of her demand, and when she rested plaintiff, who was the opposing litigant, offered evidence in rebuttal, and the case was then submitted, the intervener could not thereafter complain that the judgment rendered should be set aside because her intervention had not been put at issue by default entered or answer filed. After reviewing the jurisprudence on the subject, the court approved as correct the view expressed in McCoy v. Sanson, and Succession of Ball.
 

 There are a number of other cases in which this court has held that a litigant by his conduct has waived what the law has established in his favor. Thus, it is a familiar rule of practice that a defendant by not insisting upon a trial of and a ruling on his exceptions waives them. Thomas v. Clement, 11 Rob. 402; Conrey v. Harrison, 4 La.Ann. 349; Zimmerman v. Bartchy, 14 La.Ann. 520; Thielman v. Gueble, 32 La.Ann. 260, 36 Am.Rep. 267; Tupery v. Edmondson, 32 La.Ann. 1146, 1149; Doullut v. Smith, 117 La. 491, 41 So. 913; State ex rel. Davis v. Police Jury, 120 La. 163, 165, 45 So. 47, 14 L.R.A. (N. S.) 794, 124 Am.St.Rep. 430; Succession of Lefort, 139 La. 51, 71 So. 215, Ann.Cas. 1917E, 769; Tuyes v. Chambers, 144 La. 723, 82 So. 265.
 

 It is also a settled rule of practice that evidence received without objection has the effect of enlarging the pleadings and will be considered as if the formal plea had been made. McMicken v. Brown, 6 Mart. (N.S.) 85; England v. Gripon, 15 La.Ann. 304; Kean v. Brandon, 17 La.Ann, 37; Draper v. Richards, 20 La.Ann. 306; Fontenot v. Manuel, 46 La.Ann. 1373, 1375, 16 So. 182; Bell v. Lumber Co., 107 La. 725, 31 So. 994; Houston River Canal Co. v. Reid, 127 La. 630, 53 So. 887.
 

 As illustrative of the rule, we find that in McMicken v. Brown, the court held that a party who without opposition suffers evidence to go to the jury on a fact not put in issue is bound by their decision. In England v. Gripon, it was held that evi
 
 *895
 
 dence offered without objection of facts not alleged in the petition will be considered as if it was responsive to an allegation in an amended petition filed with the consent of the opposite party. In Thielman v. Gueble, it was held that where a person was sued eo nomine as an indorser, and evidence was received without objection tending to show the relation of principal and surety, the suretyship would be enforced if the proof thereof was adequate. And in Houston River Canal Co. v. Reid, it was held that the admission in evidence without objection of documents outside the issues had the effect of enlarging the pleadings so as to include the issues thus raised.
 

 It is impossible for us to reconcile the position taken by appellant with the above-mentioned well-established rules of practice. In all the cases maintaining the rule that evidence received without objection •has the effect of amending the pleadings the proceedings were held to be legal and the judgments were held to be valid, notwithstanding the amendments were not technically put at issue.
 

 Appellant argues that the two suits for divorce are separate and distinct actions, and*that the fact they were consolidated cannot avail plaintiff. Defendant contends that he objected to the’ consolidation, and that all the proceedings thereafter had were irregular and illegal. Knight v. Knight, 12 La.Ann. 59, is cited in support of the contention.
 

 The record discloses that the consolidation of the suits was regularly effected and that they were regularly posted for trial as one case. If appellant, as he contends, objected to the consolidation, we have failed to find his objection recorded in the record. As we read the record, the only objection urged by appellant was that plaintiff should be required to elect whether she would go to trial on the suit charging adultery, or on the suit alleging a living separate and apart for more than four years. She elected to go to trial on the latter suit, and introduced testimony in support of her 'demand therein. When she closed her case, defendant’s counsel stated in the presence of the defendant that he had no defense to offer, and the case was submitted for judgment on the record as thus made up. The decision in Knight v. Knight is not appropriate to such a state of facts.
 

 There is no force in appellant’s suggestion that as this is a divorce suit the presence of his attorney at the' trial cannot prejudice his rights. Both appellant and his attorney were present. Appellant’s attorney participated in the trial, and appellant testified as a witness in the case. The trial was had contradictorily; both litigants, as well as their attorneys, being present and participating therein.
 

 Another contention of appellant is that this appeal is from a judgment awarding his wife the custody of their minor children as well as from the judgment awarding his wife a divorce, and that the custody of the children should be taken away from his wife and placed in him.
 

 The record discloses that in the original suit for divorce based on the ground of adultery, the defendant filed a rule against plaintiff for the custody of their minor
 
 *897
 
 children. After a hearing on which a number of witnesses testified, the trial judge dismissed the rule. That proceeding was had about nine months prior to the filing of the second suit for divorce on the ground of the parties living separate and apart for more than four years.
 

 After the judgment of divorce was signed on February 6, 1935, defendant filed a motion of appeal. This motion was filed on February. 21, 1935, and was for an appeal not only from the judgment of divorce, but also from a judgment rendered and signed on the 3d day of January, and the judgment of consolidation rendered and signed on the 9th day of January, 1935.
 

 Our examination of the record discloses that the only judgment signed, on January 3, 1935 is a judgment which was rendered on December 21, 1934, dismissing a rule for contempt against appellant and ordering him to pay alimony of $7 in lieu of $3, a week. The judgment dismissing appellant’s rule for the custody of his children was rendered on March 13, 1934, and signed on March 19, 1934. There is no order of appeal from the judgment. Hence, no appeal therefrom will be recognized by this court. Gagneaux v. Desonier, 104 La. 648, 649, 29 So. 282; State ex rel. Hudson Lumber Co. v. Machen, 112 La. 556, 36 So. 589. Likewise, the so-called appeal from the order to consolidate cannot be considered. If the consolidation was objectional to appellant he should have set forth his objection by proper plea in the district court. Not having done so, he cannot object in this court. Denegre v. Moran, 36 La.Ann. 423; Neith Lodge v. Vordenbaumen, 111 La., 213, 35 So. 524; Succession of Turgeau, 130 La. 650, 58 So. 497.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 O’NIELL, C. J., and LAND and ODOM,- JJ., dissent.