SAMUEL, Judge.
This is a suit for personal injuries and property damages resulting from an automobile collision. Plaintiff was the owner .and driver of one of the two vehicles involved; the other was an automobile used as a taxicab in the Parish of Jefferson. Named defendants are: (1) Hattie V. Brown, the alleged owner of the taxicab; (2) The Fidelity & Casualty Company of New York, liability insurer of Mrs. Brown; (3) Allen J. Dover, the driver of the cab at the time of the accident; (4) Henry Gibson, an alleged sublessee and sublessor ■of the cab; and (5) Raymond Mang, also .an alleged sublessee and sublessor of that vehicle. After a trial on the merits there was judgment in the sum of $2,709.25 in favor of plaintiff and against the defendant Dover only. The judgment was in favor of the other four defendants and dismissed plaintiff’s suit as to them. Plaintiff has appealed therefrom.
From our analysis of all the testimony and evidence taken during the trial of the ■case, we find the following pertinent facts:
The accident happened in the Parish of Jefferson on Cold Storage Road, which connects Airline and Jefferson Highways. The road is crossed by two sets of railroad tracks. Plaintiff had stopped his car just before reaching the tracks for the purpose of ascertaining if a train was approaching. While so stopped the automobile was struck in the rear by the cab which was then being operated and driven as a taxicab by the defendant, Dover. Plaintiff was injured and his vehicle was damaged in the collision.
At the time of the accident Dover was renting the taxicab, for use as such, from the defendant, Raymond Mang, for $42 per week. Under the rental agreement, which had been entered into about four weeks prior to the accident in suit, Dover had sole possession and use of the car. Mang, in turn had rented the vehicle, also for use as a taxicab, from Mrs. Brown, the title owner, for $21 per week under an agreement by which Mrs. Brown would transfer title to Mang when the latter had made rental payments totaling $1,000. We are satisfied from the record that the remaining individual defendant, Henry Gibson, was not a sublessee or sublessor of the cab as alleged in the petition. He was Mrs. Brown’s son and, with her full authority, represented her in some and possibly all of the various transactions involving the vehicle. Beyond that Gibson had nothing to do with the taxicab.
Also at the time of the accident, the taxicab was covered by an automobile policy (which was introduced in evidence) issued to Hattie V. Brown by the defendant, The Fidelity & Casualty Company of New York. The exhibit shows it to be a standard automobile liability policy, issued under the Louisiana Automobile Assigned Risk Plan and providing limits of $5,000 and $10,000. Attached to the policy is a “Public Livery or Taxicab” endorsement which affords insurance while the vehicle was being operated for hire, subject, however, to certain provisions which form a part of the endorsement. Among those *590 endorsement provisions are the following pertinent ones:
“1. The insurance applies only while the automobile is operated for hire with the named insured or an employee of the named insured in attendance as chauffeur, or is used for personal, pleasure, family or other business purposes.
* * * * * *
4. The insurance does not apply:
* * % * * *
(b) while the automobile is operated as a bus or on a schedule along a regular route, or is rented without the named insured or an employee of the named insured in attendance as chauffeur." (Emphasis ours).
In this court plaintiff contends: (1) Dover was negligent and his negligence must be imputed to the other individual defendants for the reason that Dover and those defendants were engaged in a joint venture; (2) the defendant insurer, The Fidelity & Casualty Company, is liable under the omnibus clause of its policy because, plaintiff argues, Dover was driving the cab with the permission of the named insured, Mrs. Brown; and (3) while the Public Livery or Taxicab endorsement .is applicable, the above quoted provisions of that endorsement are inoperative because the latter are against public policy. By this appeal he seeks: (1) a judgment against all of the defendants; (2) an increase in the quantum awarded for pain and suffering; and (3) the allowance of a medical expert fee not included in the trial court judgment.
The defendant insurer, The Fidelity & Casualty Company, defends on two grounds: (1) under LSA-C.C. Art. 2456 and our jurisprudence, its counsel argue, the so-called lease-purchase agreement between Mrs. Brown and Mang was a sale rather than a lease or rental contract with an option to purchase and, as a result of the fact that the sale took place prior to the accident in suit, there was no coverage under the policy at the time of the accident; and (2) in any event, there was no coverage under the endorsement provisions quoted above.
Two of the defendants, Hattie V. Brown and The Fidelity & Casualty Company, made an appearance in this court through counsel. However, the remaining three defendants, Dover, Gibson and Mang, have made no appearance in this court.
We are of the opinion that any negligence on the part of Dover cannot be imputed to the other individual defendants. Gibson, having acted only as an agent, cannot be liable here in any event. And we conclude that Mrs. Brown, Mang and Dover were not engaged in a joint venture. The agreement between Mang and Dover was one of lease only. The agreement between Mrs. Brown and Mang was either a sale or a lease, the result being the same in either event. Certainly Mrs. Brown would not be liable if she had sold the vehicle prior to the accident. And, in the absence of statutory authority therefor, the negligence of the driver of a leased automobile under the exclusive control of the lessee cannot be imputed to the lessor. Villar-rubia v. Roy, La.App., 162 So.2d 86 and cases therein cited.
The cited case, Villarrubia, is particularly apropos. As we pointed out in that case, one of the elements of joint venture is a mutual participation in the profits. In the present case the rental price in both instances was fixed at a definite sum per week, $21 as between Mrs. Brown and Mang and $42 as between Mang and Dover; there was no sharing of profits or losses; Mang exercised no control over the vehicle while it was being used by Dover; and Mrs. Brown exercised no control over the vehicle subsequent to the time she entered into the agreement with Mang.
There being no joint venture, the judgment appealed from must be affirmed insofar as it dismisses plaintiff’s suit against *591 all of the individual defendants except Dover.
We prefer to base our decision as to The Fidelity & Casualty Insurance Company, as did the trial court, on that defendant’s second' contention, i. e., that there was no coverage under the above quoted provisions of the Public Livery or Taxicab endorsement. Those provisions are clear and unambiguous. They state that the insurance applies only while the automobile is operated for hire with the named insured or an employee of the named insured in attendance as chauffeur and that the insurance does not apply while the automobile is rented without the named insured or an employee of the named insured in attendance as chauffeur. Both of these exclusions apply in the instant case. Here, at the time the accident occurred, the automobile had been rented by Dover, he was driving and operating the vehicle as a taxicab and neither the named insured, Mrs. Brown, nor an employee of Mrs. Brown was in attendance as chauffeur.
Plaintiff’s contention that the endorsement provisions are inoperative because they are against public policy is not well founded. The only authority cited in support of the contention is LSA-R.S. 45:200.1 (Act 404 of 1962, § 1), which act was passed subsequent to the issuance of the policy in suit and became effective after the occurrence of the accident in suit. R.S. 45:200.1 contains only the findings and declarations of the legislature in the exercise of its police power relative to public carrier vehicles; it does not destroy the policy defenses available to the insurer under the terms of its contract in the instant case. We note that our attention has not been called to any ordinance of the Parish of Jefferson, or to any other applicable law, similar to the New Orleans ordinance discussed in Villarrubia. The New Orleans ordinance referred to is New Orleans City Code, 1956, § 12-153, MCS., Ord. No. 1004 § 1, under which the owner of a taxicab may be liable despite the fact that the cab is operated by persons who are not his agents, servants or employees. In the instant case, of course, the taxicab was being operated in the Parish of Jefferson and not under a permit from the City of New Orleans.
We will not discuss the increase in quantum or the allowance of a medical expert fee sought by plaintiff on this appeal because we find it necessary to set aside the judgment rendered against Dover. As we have pointed out, the defendants, Dover, Gibson and Mang, made no appearance in this court. The record reveals that a preliminary default was taken against Gibson and Mang. Plowever, no preliminary default was taken against Dover and that defendant made no appearance in the trial court, through counsel or otherwise, and did not file an answer. It is well settled that no valid judgment may be rendered against a party with whom issue has not been joined by way of answer, default or waiver, and by waiver is meant an appearance sufficient to constitute a tacit joining of issue. Chopin v. Freeman, 145 La. 972, 83 So. 210; Welch v. Welch, La.App., 169 So.2d 713; Stewart v. Purcell, La.App., 131 So.2d 907; Levenson v. Chancellor, La. App., 68 So.2d 116; Aycock v. Miller, La. App., 18 So.2d 335; see LSA-C.C.P. Art. 2002(2).
In the instant case the only possibility of a tacit joining of issue by Dover, indeed the only act by that defendant which might be considered an appearance of any kind, is the fact that he gave testimony in a discovery deposition taken by the plaintiff approximately three months prior to the first day of trial. In the taking of that deposition Dover was not represented by counsel, although we do not make this statement with the intention of suggesting that representation by counsel at the taking of the deposition necessarily would make any difference. While various acts have been held to constitute an appearance which joins issue, such as, where the party is present and represented by counsel and makes *592 no objection to going to trial (Ducote v. Ducote, 183 La. 886, 165 So. 133; Henderson v. Hollingsworth, 158 La. 921, 105 So. 14; K. & M. Store v. Lewis, La.App., 22 So.2d 769) and where the party was present in the courtroom upon trial and permitted himself, without objection, to be placed on the witness stand for the purpose of cross examination (Lalumia v. Lalumia, La.App., 115 So.2d 883), we are convinced that by testifying on deposition prior to the trial of the case Dover did not waive the legal necessity of joining issue. Therefore, we must set aside the judgment against Dover and, as to that defendant, remand the case to the trial court.
For the reasons assigned, the judgment appealed from is set aside only insofar as the same pertains to the defendant, Allen J. Dover, and, only as to that defendant, the case is remanded to the trial court for further proceedings according to law. In all other respects the judgment appealed from is affirmed; plaintiff-appellant to pay all costs of this appeal.
Set aside and remanded in part; affirmed in part.