SCHOTT, Judge.
Defendant Michael Guillory has appealed . from a judgment in plaintiff’s favor.
*142 Plaintiff filed suit on November 16, 1971, alleging that Michael Guillory was under the age of 21 years. However, no effort was made to comply with LSA-C.C. P. Art. 732 prescribing the procedure to be employed in enforcing an obligation against an unemancipated minor, but, rather, service of the petition and citation were made on the minor himself.
Guillory’s mother was also made defendant on allegations that as the mother and natural tutrix of the minor she was liable in solido for the damages caused by his negligence. An answer and reconventional demand were filed by both of them in which it was admitted that Guillory was under the age of 21 years. Subsequently, both defendants filed exceptions, Michael Guillory on the basis that he was admittedly an unemancipated minor at the time the suit was filed and that plaintiff had failed to comply with C.C.P. Art. 732, and Mrs. Guillory to the effect that plaintiff had no cause or right of action against her inasmuch as Michael Guillory’s father was living and the parents were divorced.
It was established that Michael Guillory was born on June 28, 1953, so that he was an unemancipated minor at the time the petition was filed,'although he had reached the age of majority at the time of the trial on February 6, 1973, by operation of Act 98 of 1972, amending LSA-C.C. Art. 37 so as to reduce the age of majority from 21 years to 18 years.
In his reasons for judgment, the trial judge held that while Michael Guillory had been a minor the problem was covered by C.C.P. Arts. 926 and 928 in that lack of procedural capacity is a dilatory exception which must be pleaded prior to answer and that since the answer was filed prior to the exception it was waived. He also noted that by the time of the trial the defendant was no longer a minor and had legal representation.
The exceptions on behalf of Mrs. Guillo-ry were maintained, and no appeal was taken from the dismissal of the suit as against her.
The fact that the minor was represented has no significance in the light of Davis v. Bankston, 192 So.2d 614 (La.App. 3rd Cir. 1966) where a reconventional demand against a minor was dismissed although the main demand was properly brought by the mother as her son’s representative. The Court said the following:
“We realize that there is considerable force to the argument that the plaintiff mother, having brought suit as her son’s representative, should be estopped upon reconventional demand against her to deny her procedural capacity to represent the minor. We have concluded, however, that a parent’s conduct should not estop a minor child from claiming the benefit of the mandatory legislation designed to protect the minor’s interest by requiring court appointment of an attorney in the absence of a duly qualified tutor, see LSA-CCP Art. 732.”
Plaintiff distinguishes the cited case on the basis that an exception of lack of procedural capacity on the part of the minor was filed, whereas in the instant case none was filed. Plaintiff contends that the exception was thereby waived as it was found to be by the trial judge.
The normal function of the dilatory exception is to retard the progress of the action but not to defeat it, C.C.P. Art. 923, and while lack of procedural capacity is listed among the objections which may be raised through the dilatory exception we have concluded that under the circumstances of this case it would be an oversimplification to hold that this minor defendant has waived his objection by his failure to file the dilatory exception prior to the answer being filed.
There is a substantive distinction in our law with respect to persons who are competent and those who are incompetent by reasons of insanity, C.C. Art. 31 et seq. and minority C.C. Art. 34 et seq. C.C.P. *143 Art. 2002 provides that a final judgment shall be annulled if it is rendered against an incompetent person not represented as required by law. The court has a duty to protect the rights of incompetents. Often a court is informed for the first time of the incompetence of a defendant by means of a dilatory exception of procedural capacity. But in the instant case plaintiff’s petition itself informed the court that the defendant was a minor, and the record itself revealed that the law for the protection of the minor was being ignored. Considering that the court had the duty of protecting the minor defendant, there was no need for a dilatory exception. The trial judge on his own motion should have required the implementation of the law so as to protect the minor’s interest. Since he failed to do so further proceedings with respect to that minor were null and void.
It is true that by the time the case was tried this minor had attained the age of 18 and was thereby emancipated by Act 98 of 1972, but this did not have the effect of subjecting the minor to the jurisdiction of the court which had never attached in the first instance. C.C.P. Art. 6 prescribes that jurisdiction over the person of an incompetent defendant is acquired by service of process on the attorney at law appointed by the court to defend the action against him, and C.C.P. Art. 732 provides that the tutor appointed by a court is the proper defendant against whom an obligation of an unemancipated minor may be enforced. Since these articles were ignored the defendant was not before the court and no judgment could be rendered against him.
Accordingly, the judgment appealed from is reversed and set aside, and the case is remanded for further proceedings. Plaintiff Thomas Nicosia is allowed ten days from the date this judgment becomes final to file amended pleadings, in default of which his suit is subject to dismissal. All costs to date are assessed against plaintiff.
Reversed and remanded.