322 So.2d 129 (1975)
Thomas A. NICOSIA, Plaintiff-Appellee-Relator,
v.
Michael GUILLORY, Defendant-Appellant-Respondent.
No. 56303.
Supreme Court of Louisiana.
November 3, 1975.
Rehearing Denied December 5, 1975.
*130 David M. Smill, Harahan, for plaintiff-applicant.
Richard J. Meunier, Meunier, Martin & Meunier, New Orleans, for defendant-respondent.
*131 TATE, Justice.
The plaintiff Nicosia was awarded $1,800 against the defendant Guillory for the total demolition of his truck caused by Guillory's negligence. The court of appeal found that Guillory was an unemancipated minor at the time the suit was filed and personal service was made on him (even though a major and represented by counsel at the time of the trial). It therefore reversed and remanded, apparently to permit service and trial anew. 310 So.2d 141 (La.App. 4 Cir. 1975).
We granted certiorari, 313 So.2d 825 (1975), because we felt that our intermediate brethren were in error in holding that a judgment obtained under the present circumstances could be annulled because of the procedural incapacity of the minor to be sued in his own name at the time of suit.

1.
A minor (as well as his parent or tutor) is personally liable for damages caused by his negligence. La.Civil Code arts. 1785 (par. 5), 1874, 2227; Redd v. Bohannon, 166 So.2d 362 (La.App. 3d Cir. 1964). However, an unemancipated minor lacks the procedural capacity to sue or be sued except through his parent or tutor. La.C.Civ.P. arts. 683, 732. If such a minor is sued, and his parents are dead, divorced, or judicially separated and no tutor (then required) has been qualified for him, the court shall appoint an attorney to represent him. La.C.Civ.P. art. 732.
However, the exception to the minor's procedural capacity is a dilatory objection, which is waived if not pleaded prior to answer or default. La.C.Civ.P. arts. 926(6), 928. The dilatory exception must be pleaded before answer or default, whether the minor is a plaintiff or a defendant to the principal or incidental action to which he is a party. La.C.Civ.P. arts. 855, 926(6), 928, 1034; Frazer v. Day, 307 So.2d 733 (La.1975).

2.
The present facts show:
The plaintiff Nicosia sued Guillory and his mother[1] on November 17, 1971, alleging that Guillory's negligence had destroyed the plaintiff's truck on September 18, two months earlier. Guillory and his mother filed an answer through retained counsel on December 1, 1971.
Shortly thereafter, the plaintiff moved for trial on the merits. The trial (as well as a scheduled pre-trial conference) was continued on several occasions, being finally fixed for February 6, 1973. On the morning of the trial, the minor (by then a major),[2] for the first time questioned his procedural capacity to be sued by filing an exception to this effect and praying that the suit be dismissed. The trial judge overruled it and (so far as the record shows) the trial commenced without further objection on the defendant's part.[3]
The trial court correctly held that the filing of the dilatory exception to procedural capacity, after the answer, was not timely, and thus the objection urged by it was waived. The Code of Civil Procedure *132 expressly so provides. Articles 926 (6), 928. Likewise the objection (first urged on appeal by argument), questioning as insufficient the personal service on and the citation of the unemancipated minor, was waived by not filing such declinatory objections prior to appearance or answer. La.C.Civ.P. arts. 925(1), (2), 928.
In reaching the contrary result, the court of appeal reasoned that, since the plaintiff's petition had itself pleaded the minority of the defendant Guillory (further alleging that his mother, sought to be held solidarily liable, see Footnote 1, was his mother and natural tutrix), the trial court had a duty to enforce the mandate of La. C.Civ.P. art. 732 that an attorney be appointed to represent an unemancipated minor of a dissolved marriage who is without tutor. Davis v. Bankston, 192 So.2d 614 (La.App. 3d Cir. 1966).
In Davis, however, as an essential basis of its holding, the court expressly held that an exception to procedural capacity was regarded as timely filed to the reconventional demand against the minor.[4] In the present case, however, no exception to the procedural capacity was timely filed. The holding in such decision is thus inapposite to the present issue.
We are not here faced with a final judgment which might be annullable because rendered against an incompetent person who has not been represented by an attorney, such as a minor against whom a default has been rendered. La.C.Civ.P. art. 2002(1). Here, the minor was personally served and was represented at the trial by his retained counsel. His procedural capacity (incompetency) to be sued was waived by the answer filed on his behalf by his attorney, without objection to the minor's lack of procedural capacity.
In fact, at the time of the trial, the defendant had become a major, so the judgment rendered against him was not even technically annullable as rendered "against an incompetent person not represented as required by law." La.C.Civ.P. art. 2002(1).
Accordingly, the court of appeal erred in holding that the judgment obtained against Guillory must be set aside because Guillory was a minor at the time of suit. By failing to object timely to his lack of procedural capacity and by answering through retained counsel, Guillory waived his right to attack the judgment subsequently obtained following a trial at which he was represented by his counsel.

3.
The defendant Guillory contends, in the alternative, that the trial court abused its discretion by leaving the record open to take his testimony for the plaintiff to prove he (Guillory) was driving the truck when it was destroyed through its driver's negligence.
It is doubtful that the trial court would have abused its discretion, if indeed it had (as the defendant contends) reopened the case after the plaintiff rested. La.C.Civ.P. arts. 1631, 1632. However, the record shows that, before the plaintiff closed his case, he called the defendant Guillory to testify under cross-examination.
Guillory had been present in the courtroom on the morning of the trial. However, he left so that he was unavailable, when called at the conclusion of the testimony of the plaintiff's first witness.
*133 The trial court clearly did not abuse its discretion in continuing the case to permit the plaintiff to subpoena the suddenly-absent Guillory in order to take his testimony.
The evidence also supports the finding of the trial court that the plaintiff's truck was totally demolished due to Guillory's negligent driving, when he lost control of the truck and it crashed into a pole and the side of a bridge. The award of $1,800 for the total loss of the truck is likewise established by the record.

Decree
For the reasons assigned, we reverse and set aside the court of appeal judgment, and we reinstate the trial court award. The defendant Guillory is to pay all costs of these proceedings.
Court of Appeal judgment reversed, and trial court judgment reinstated.
CALOGERO, J., dissents being of the view that the Court of Appeal's opinion is correct.
NOTES
[1] After Guillory's parents were divorced, his mother was awarded his custody. She had not been qualified as his tutrix, however. She was dismissed from the suit by the trial court. No appeal was taken from this action.
[2] At the time of the tort and of the suit, Guillory was 18 years of age. At the time, La.Civil Code art. 37 provided that persons below twenty-one years of age were minors. However, by Act 98 of 1972 the article was amended so as to lower the age of majority to eighteen. Consequently, after the suit was filed and before trial (and before the exception was filed) Guillory had become a major.
[3] Assuming the exception had been timely filed, a defendant is ordinarily given ten days to file answer after an exception is overruled. La.C.Civ.P. art. 1001. However, if a defendant proceeds to trial without objection even though he has not filed an answer, he waives his right to complain of the lack of an answer. Ducote v. Ducote, 183 La. 886, 165 So. 133 (1935); Henderson v. Hollingsworth, 158 La. 921, 105 So. 14 (1925); see Morris v. Williams, 88 So.2d 721 (La.App. 1st Cir. 1956). However, since we hold that the exception to procedural capacity filed after answer was not timely, we do not reach this issue.
[4] Its holding was that the exception was replicatory in nature, and thus a pleading which might be urged by a plaintiff without timely formal pleading to the defendant's answer. La.C.Civ.P. art. 852. The holding that no formal pleading of an exception to an incidental action is required by reason of Article 852dicta insofar as the present suiterroneously overlooks the change in the procedural law of Louisiana effected by Article 1034 of the 1960 Code of Civil Procedure, by which the defendants in incidental actions must plead in writing, Article 852, any exception to an incidental action in the same manner as those pleaded to a main demand. Official Revision Comment (b), Article 852; Official Revision Comment (a), Article 1034.