401 So.2d 470 (1981)
Nena N. FRANKS, Plaintiff-Appellee,
v.
Jessie Dale MERCER, Defendant-Appellant.
No. 14545.
Court of Appeal of Louisiana, Second Circuit.
June 8, 1981.
*471 Charles B. Bice, Winn Parish Dist. Atty. by Douglas H. Allen, Asst. Dist. Atty., Winnfield, for defendant-appellant.
Sanders & Castete, Ltd. by Martin S. Sanders, Jr., Winnfield, for plaintiff-appellee.
Before MARVIN, JASPER E. JONES and FRED W. JONES, JJ.
MARVIN, Judge.
In this paternity and support action, defendant appeals a judgment which adjudicated him to be the father of a child born to the minor plaintiff and which ordered him to pay monthly child support and the medical expenses of childbirth.
Through counsel employed after trial, defendant contends on appeal that the trial court should have appointed counsel to represent him in the trial court, that the trial court's judgment essentially was a judgment by default and was improper because defendant did not acquiesce in the judgment, did not file pleadings, and that a preliminary default was not entered against him. Defendant also contends that the plaintiff mother, in whose name the action was brought, did not have the procedural capacity to bring the action because she was a 16-year-old unmarried minor and that, in any event, only the Department of Health and Human Resources (DHHR) could bring the action under the circumstances shown. We affirm the judgment.
LRS 46:236.1 et seq. provides the authority for DHHR to develop and implement a program of family and child support designed to establish paternity and obtain family and child support, among other designs. § 236.1B. Even though other subsections of the statute provide that a person accepting aid for a dependent child from DHHR shall be deemed to have made an *472 assignment of the support obligation owed to such child, the statute does not expressly preclude the person who accepts aid from the department from bringing a paternity action. The statute in this respect reads in part:
"The department ... may ... take direct civil actions, including actions to establish paternity ... A separate and distinct cause of action in favor of the department is hereby created, and suits brought under this provision need not be ancillary to or dependent upon any other legal proceeding." § 236.1F.
This language clearly contemplates that there may be other legal proceedings to establish paternity but that the action brought by the DHHR is not dependent upon other legal proceedings.
Defendant makes the DHHR argument because the DHHR referred this matter originally to the District Attorney of the 8th Judicial District. Under LRS 16:1, the DA is the representative of the State in all civil actions and may bring an action within his jurisdiction for the State or any of its agencies, such as DHHR. LRS 46:236.1 et seq. must be considered in the light of LRS 16:1 because there is no express provision for enforcing LRS 46:236.1 which provides for the bringing of an action in a court of competent civil jurisdiction. The DA's bringing of the suit in the name of the minor plaintiff does not fatally affect the judgment which is appealed in this instance. Moreover, defendant made no objection to the minor plaintiff's procedural capacity in the trial court. See C.C.P. 683. This is a dilatory objection which is deemed to be waived if not pleaded in limine. C.C.P. 926(6), 928, Nicosia v. Guillory, 322 So.2d 129 (La.1975).
Defendant was served by domiciliary service and citation on March 27, 1978. On May 18, 1978, defendant received written notice of the trial setting on June 1, 1978, made pursuant to a formal motion to and an order of the court dated May 11. Defendant appeared in court on June 1, 1978, and was present when the case was tried. Defendant explained to the court that he had not hired an attorney because he was "worried" about a criminal charge pending against him and had not had a chance to see an attorney about this action. The court questioned defendant and satisfied itself that defendant was given ample time to obtain counsel and proceeded with trial. Defendant was given the opportunity to cross-examine witnesses and present evidence. He chose not to exercise these rights. He took the witness stand and exercised his privilege against self-incrimination and did not otherwise testify.
Mere physical presence of an unserved defendant at the trial of his case does not constitute a general appearance even where the unserved defendant testifies. A defendant who has been served and cited and who is physically present at this trial, however, has been held to have made a general appearance. Freire v. Wiles, 284 So.2d 817 (La.App. 4th Cir. 1973). See also Ducote v. Ducote, 165 So. 133 (La.1935); Manuel v. Broderson, 298 So.2d 333 (La. App. 3d Cir. 1974). This defendant, after service and after notice of the trial, even without an answer to the petition, made a general appearance and waived objections to a judgment being rendered against him without an answer or preliminary default. Bickford v. Lutz, 339 So.2d 1268 (La.App. 1st Cir. 1976).
Defendant cites authority that an indigent father must be afforded appointed counsel where he is charged with contempt for noncompliance with a child support order. This out-of-state authority is not controlling because this defendant is not charged with contempt, but was simply made the defendant in a paternity/support action. No criminal consequences directly emanate from the judgment appealed.
This action is not quasi-criminal in nature. We are not persuaded by defendant's argument that he might later be subject to a contempt citation and imprisonment for failure to comply with the support order. The contempt citation, if it occurs, will arise out of circumstances which will occur after the judgment appealed becomes effective.
*473 At appellant's cost, judgment is AFFIRMED.