HEARD, Judge.
Robert Long instituted this suit February 3, 1958, for damages resulting from an alleged breach of an employment contract. Defendant filed an exception of no cause of action alleging a potestative condition which was sustained by the trial court and affirmed by this court. (129 So.2d 601, La.App.2d Cir. 1961). This decision was reversed by the Supreme Court, 242 La. 295, 136 So.2d 48 (1962) and remanded to the District Court for trial on the merits. Judgment was rendered June 14, 1972, in favor of defendant rejecting plaintiff’s demands without assignment of written reasons. Long appealed devolutively. We affirm the judgment of the lower court.
Long entered into a written contract of employment with KTBS, Inc., owner and operator of AM and FM radio stations and a television station in Shreveport. The contract ran for a five year period commencing July 8, 1955, and ending July 7, 1960. Under its terms Long was to perform work in connection with the installation, operation, maintenance and repair of the radio station and its equipment.
On October 23, 1957, KTBS, Inc. sold the radio station and assigned Long’s contract to Foster & Associates, Inc., who continued to operate the station under the call letters, “KEEL”. Defendant gave Long written notice on January 14, 1958, terminating his employment as of January 29, 1958. Long alleged that the termination of his contract prior to its expiration date was an active breach of the contract for which he is entitled to his full salary for the unexpired portion plus 25% of the total amount as a penalty. Foster & Associates, Inc. admitted all of the above facts, but denied that the termination of Long’s employment constituted a breach of contract on its part and contended that his discharge was the result of his incompetence and lack of knowledge and skill sufficient to discharge his contractual duties. Defendant’s answer further alleges in support of its allegations of incompetence that on November 12, 1957 Long was unable to terminate and read the line on a VU meter which is frequently required in testing defendant’s transmitter; that Long on another occasion demonstrated his lack of knowledge to jumper out the control circuit of the transmission line monitor; and that he failed to properly tune an FM transmitter. On another occasion it is alleged he negligently cracked a glass tube in replacing it on the FM transmitter and failed to perform his duty to inspect fuses on an occasion when there was a complete AC power failure at the transmitter.
The only issue before this court is a factual one — whether or not defendant terminated Long’s contract for cause. In reviewing the evidence, we find that the trial judge had sufficient evidence to conclude that defendant’s discharge of Long was for an adequate cause, thus finding no breach of the contract on the part of Foster & Associates. While he did not deny the conversations or various events indicating his incompetence, Long could not recall or remember them. On the other hand, defendant’s witnesses testified to these events and to the fact that Long was not given anything other than routine operations to perform after his failure to read the VU meter. Defendant produced station logs reflecting the occurrence of some of these events while plaintiff was on duty.
The trial judge heard the evidence, observed the demeanor of the witnesses on the stand and rejected plaintiff’s testimony. His judgment on the factual questions will not be disturbed as there was no manifest error. Holmes Company v. Foret, 229 La. 360, 86 So.2d 66 (1956).
For the reasons cited, the judgment of the trial court is affirmed. Costs are assessed to appellant.