CHIASSON, Judge.
Kenneth E. Deason, plaintiff-appellant, appeals the judgment of the trial court denying termination pay to him from his former employer, Mobil Oil Corporation (Mobil), defendant-appellee.
Under the terms of Mobil’s Termination Allowance Plan, an employee is eligible for such allowance unless he is discharged for cause or behavior prejudicial to his employer. Mr. Deason had been employed with Mobil since January 1,1966, and in the Real Estate Department since May 1, 1966.
Mobil has a published policy entitled “Conflicts of Interest”, which states in pertinent part:
“... any direct or indirect interest in, connection with, or benefit from any outside activities, especially commercial ac *487 tivities, which interest might in any way adversely affect the Company or any of its subsidiaries or affiliates, involves a possible conflict of interest.
* * * * * *
“... In some instances, full disclosure of the facts by the officer or employee is all that is necessary to enable the Company to protect its interests. In some others, if no improper motivation appears to exist and the Company’s interests have not suffered, prompt elimination of the outside interest will suffice.”
In 1973, Mr. Deason and his wife incorporated a realty company, Realty Center, Inc. Mrs. Deason was named President and Mr. Deason was named Secretary-Treasurer, each owning 50% of the stock of the Company. Pursuant to a change in Louisiana’s law, Mr. Deason assumed the position of President of the Company which used his broker’s license.
Following correspondence between appellant and appellee’s real estate department and an audit thereof, appellant was notified by letter dated July 6,1978, to comply with five conditions contained therein, among which was the condition that appellant divest himself of any interest in Realty Center, Inc. The record indicates that Mr. Dea-son’s continued employment with Mobil was conditioned upon his acceptance of the Company’s Conflicts of Interest Policy and his compliance with the specific requirements of the July 6,1978 letter. The letter of termination states that Mr. Deason failed and refused to comply and, therefore, his employment was terminated as of August 31, 1978. Mr. Deason was thereafter informed in a letter dated September 20, 1978, that he was ineligible for a termination allowance.
Plaintiff-appellant instituted suit and contends that he is entitled to a termination allowance since he was a covered employee under the terms of Mobil’s Termination Allowance Plan at the time of his termination and since his termination was not for just cause nor for any behavior by him prejudicial to Mobil.
Mobil alleges that plaintiff was not eligible to receive a termination allowance because plaintiff’s discharge from employment was for cause and behavior prejudicial to his employer. Defendant-appellee contends that the plaintiff’s refusal to comply with express and specific instructions of defendant to avoid any possible or potential conflict between defendant’s corporate interests as plaintiff’s employer and plaintiff’s private interests constituted the specific basis of plaintiff’s discharge from employment. Such reason constitutes cause or behavior prejudicial to defendant as his employer, and thereby makes plaintiff ineligible for a termination allowance under the provisions of Mobil’s Termination Allowance Plan.
At trial, the parties stipulated that there was never any actual conflict of interest or actual poor job performance and if Mr. Deason would be entitled to an allowance, it would be a total of $15,915.48.
The trial court found that a potential conflict did exist and held that the plaintiff, Mr. Deason, violated a reasonable request of his employer, and thus the termination was one for valid cause and denied plaintiff’s recovery of any termination allowance.
The question presented to us by this appeal is a factual one. Long v. Foster & Associates, Inc., 274 So.2d 223 (La.App.2nd Cir.1973). The trial court’s determination of fact should not be disturbed on appeal unless it is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Rahm v. Exxon Corp., 399 So.2d 676 (La.App.1st Cir.1981).
An employer has the right to promulgate reasonable rules for its employees to follow. Southern Pacific Transport Co. v. Doyal, 289 So.2d 882 (La.App.4th Cir.1974).
We find Mobil’s rules, as expressed in its Conflicts of Interest, to be reasonable in view of appellant’s employment position, his fiduciary relationship with his employer and the nature of appellant’s outside commercial interest.
*488 The disregard or refusal of a reasonable order connected with employment affords the employer just ground for discharge of that employee.
The trial court used the objective reasonable man test to determine whether the plaintiff’s conduct was acceptable under the circumstances and whether the requirements which the defendant placed on the plaintiff were reasonable. This is the proper test. White v. Crane Company, 147 So.2d 32 (La.App.2nd Cir.1962), certiorari denied January 25, 1963.
We concur with the trial court’s opinion that the appellant violated a reasonable request of his employer and that, therefore, his termination was for a valid cause.
For the reasons assigned, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.