421 So.2d 294 (1982)
Jimmy WILEY, et ux.
v.
Dr. William P. KARAM, et al.
No. 15010.
Court of Appeal of Louisiana, First Circuit.
October 12, 1982.
*295 Don J. Hernandez, Franklin, plaintiff-appellant.
Anthony W. Skidmore, New Orleans, for plaintiff.
Carey T. Jones and Nicholas Gachassin, Jr., Gachassin & Capretz, Lafayette, for defendants-appellees.
Before COVINGTON, LEAR and LANIER, JJ.
LANIER, Judge.
This is a suit for damages in tort alleging dental malpractice. The trial court ruled that the plaintiffs-appellants failed to establish a breach of duty (negligence) by a preponderance of the evidence and dismissed their claims. This devolutive appeal followed.

I. FACTS
On September 13, 1979, Mrs. Helen Wiley, wife of Jimmy Wiley, went to the office of Dr. William P. Karam, a dentist, in Franklin, Louisiana. Mrs. Wiley gave Dr. Karam a history of pain in her gums and teeth. Dr. Karam's examination revealed approximately twelve missing molars, acute infection of the gums, and moderate periodontal disease (loss of bone structure holding the teeth). Dr. Karam prescribed antibiotics to control the infection. Mrs. Wiley returned for further consultation and examination on September 17, 1979. Mrs. Wiley again returned to see Dr. Karam on September 19, 1979, at which time Dr. Karam performed curettage and scaling to scrape her gums and the roots of her teeth to remove dead tissue. At this time, Dr. Karam also removed a cap from her upper right eyetooth that was irritating the gum.
Mrs. Wiley returned to Dr. Karam's office again on September 26, 1979. Examination revealed that the infection had substantially subsided and that her mouth pain was isolated to her upper right central incisor tooth (number eight). After percussion testing of this tooth, Dr. Karam determined that it did not have a viable blood supply and that the nerve was dead. X-rays of this tooth showed a small root canal, pulp stones in the canal and root chamber and infection at the tip of the root. Dr. Karam advised Mrs. Wiley that her alternatives were to either remove the tooth or remove the dead material from the root canal of the tooth. Mrs. Wiley elected the root canal therapy. Dr. Karam then drilled into the tip of the root through the back of the tooth and found pulp stones in the root canal which he drilled out with a Pisso reamer. Dr. Karam then attempted to clean out the root canal with a root canal reamer, but encountered great difficulty because of the decreased size of the root canal caused by calcification. Dr. Karam tried for approximately one hour to complete the root canal procedure, but was unsuccessful. During the course of this attempt, a portion of the root canal reamer broke off and lodged in Mrs. Wiley's root canal. Dr. Karam advised Mrs. Wiley that since the root canal therapy was unsuccessful, only two alternatives were available which were to either extract the tooth and replace it with a false tooth or undergo a surgical procedure called an apicoectomy with retrograde filling. Dr. Karam indicated that the latter procedure was not appropriate in her case because of the trauma involved and her loss of bone structure. Dr. Karam asked Mrs. Wiley to think over these alternatives and advise which she elected. Mrs. Wiley never returned to his office after that date.
On November 19, 1979, Mrs. Wiley saw Dr. Allen Supple at his office in Franklin, Louisiana. Dr. Supple testified that Mrs. Wiley advised him that there was a broken segment of a dental instrument in the root canal of one of her teeth. Dr. Supple testified that Mrs. Wiley did not complain of pain at that time and that an examination of her gums showed that they were normal. Dr. Supple X-rayed Mrs. Wiley's upper *296 right central incisor and found a small segment of instrument lodged in the root canal. He advised Mrs. Wiley that he could attempt another root canal or extract the tooth. Mrs. Wiley left his office and did not return.
In December of 1979, Mrs. Wiley visited a Dr. Henderson in New Iberia, Louisiana, and he performed the dental surgery necessary to complete the root canal procedure.[1]

II. NEGLIGENCE
The appellants contend that the district court erred in holding "that plaintiff failed to demonstrate a breach of duty owed to Mrs. Wiley by Dr. Karam, to use reasonable care and diligence, along with his best judgment in the application of his skill..." and by "disregarding the facts and admissions on the part of the defendant, Dr. Karam, that he knew before the instrument broke, that the root canal procedure was possibly impossible or next to impossible, yet he continued with the procedure without taking steps to guard against injury to Mrs. Wiley from this reasonably foreseeable contingency."
In dental malpractice cases, the burden of proof is on a plaintiff to establish the dentist's deviation from the standard of care required by others in the same field. La.R.S. 9:2794(C); White v. Edison, 361 So.2d 1292 (La.App. 1st Cir. 1978), writs refused 363 So.2d 915 (La.1978). The elements of proof required in a dental malpractice case are set forth in La.R.S. 9:2794(A) as follows:
"A. In a malpractice action based on the negligence of ... a dentist licensed under R.S. 37:751 et seq., the plaintiff shall have the burden of proving:
(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians or dentists licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians or dentists within the involved medical specialty.
(2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill, and
(3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred."
See also Lazar v. Federal Insurance Company, 380 So.2d 719 (La.App. 4th Cir.1980). The essence of these assignments of error is that Dr. Karam "failed to use reasonable care and diligence, along with his best judgment in the application of his skill as a dentist."[2] In determining whether or not a physician or dentist failed to exercise reasonable care and diligence, the views and opinions of expert witnesses who are members of his profession and who are qualified to testify on the subject are very persuasive, although not controlling. Guillory v. Buller, 398 So.2d 43 (La.App. 3rd Cir. 1981).
Dr. Karam testified that upon drilling into Mrs. Wiley's tooth, he found that the root canal was calcified to the point that successful completion of the root canal procedure was extremely difficult. He testified that during the procedure, he determined that completion of the root canal was next to impossible, but he continued to try to complete the procedure. The procedure lasted approximately one hour and the reamer broke near the end of that time. After it broke, he attempted to bypass it with no success. He then informed Mrs. *297 Wiley what the problem was and gave her the available options.
Dr. Allen Supple, an expert in general dentistry, testified that he would have attempted the root canal therapy under the same circumstances as were presented to Dr. Karam when Mrs. Wiley visited him. He further testified that it was not uncommon to break a root canal reamer while performing that therapy and that the mere fact of breakage does not suggest negligence (breach of duty) by a dentist, because the breakage can also be caused by a faulty instrument and, in some cases, the instrument is intentionally broken to fill the root canal. Dr. Supple felt that the alternatives available when he examined Mrs. Wiley's tooth containing the broken portion of the reamer were to either attempt another root canal or extract the tooth.
Dr. Joseph Caldwell was qualified as an expert witness in endodontics primarily dealing with root canals. He testified that the breaking of a root canal reamer in the canal is not necessarily negligence (breach of duty). He testified that the root canal reamer can be broken off intentionally as part of treatment, can break because it is defective, or can break from too much pressure. He further testified that the breaking of the root canal reamer does not necessarily preclude a successful final result. He was of the opinion that Dr. Karam was correct in recommending root canal therapy under the circumstances of this case. He further testified that after the root canal reamer broke, that the proper procedure was to advise the patient of the situation, after attempting to finish the root canal, and to tell her that the alternatives were to extract the tooth or have endodontic surgery which consisted of moving the gum tissue, entering the base of the tooth root through the bone, removing the infection directly and sealing off the root canal. Dr. Caldwell testified that to continue to work toward the completion of a root canal after realizing that the root canal procedure is extremely difficult is not unusual.
The trial judge determined as a matter of fact that the appellants failed to prove that Dr. Karam either lacked the degree of knowledge or skill, or failed to use reasonable care and diligence, along with his best judgment in the application of that skill and denied this claim. In view of the evidence of record, this determination by the trial judge was not clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Deason v. Mobil Oil Corporation, 407 So.2d 486 (La.App. 1st Cir.1981).[3]

III. INFORMED CONSENT
The appellants claim that "Dr. Karam breached his duty to Mrs. Wiley under the `doctrine of informed consent' by failing to warn her of impending danger of harm when he determined that it was next to impossible for him to complete the root canal procedure, ...."
A physician or dentist is not required to inform a patient of a remote or rare possibility, or an event which can not be reasonably anticipated under the Doctrine of Informed Consent. It is not required that the physician or dentist advise the patient as to every conceivable possibility and eventuality that may stem from treatment. A physician's or dentist's failure to disclose a possible danger is not a breach of duty on his part in the absence of a showing that the patient's consent would have been withheld if the patient had been informed of the danger. LaCaze v. Collier, 416 So.2d 619 (La.App. 2nd Cir.1982); Babin v. St. Paul Fire and Marine Insurance Company, 385 So.2d 849 (La.App. 1st Cir.1980), writs refused 386 So.2d 358 (La.1980); Reynier v. Delta Women's Clinic, Inc., 359 So.2d 733 (La.App. 4th Cir.1978).
The record shows that Dr. Karam consulted with Mrs. Wiley and explained *298 the proposed therapy prior to the root canal procedure. After the root canal reamer broke off in her tooth, he informed her of this event and explained her options to her, asked her to consider which she elected, and to advise him how to proceed. Mrs. Wiley never returned to Dr. Karam and subsequently went to two other dentists, one of whom completed the root canal procedure by oral surgery. The possibility of a root canal reamer breaking did not involve a substantial risk to Mrs. Wiley because on occasion some dentists intentionally break off the reamers to block the root canal as part of the therapy. Dr. Karam was not required to advise Mrs. Wiley as to every conceivable possibility or eventuality that could stem from his treatment, especially during the course of the procedure itself. The trial judge ruled as a matter of fact that the appellants failed to prove a breach of the Informed Consent Doctrine and this determination is not clearly wrong. Arceneaux v. Domingue, supra.

IV. CONCLUSION
For the foregoing reasons, the judgment of the trial court is correct and is affirmed at appellants' cost.
AFFIRMED.
NOTES
[1] Dr. Henderson was not called to testify at the trial.
[2] The appellants do not contend that Dr. Karam did not possess the degree of knowledge or skill ordinarily exercised by dentists actively practicing in his community.
[3] At the trial of the case, Mrs. Wiley maintained that Dr. Karam failed to advise her that the root canal reamer had broken in her tooth. Apparently, she has abandoned this claim on this appeal. Dr. Karam and his dental assistant, Juanetta M. Lalumandier, both testified that Dr. Karam advised Mrs. Wiley of the broken reamer. Dr. Supple testified that Mrs. Wiley told him that she had a piece of a broken instrument in her tooth when she visited him.