421 So.2d 339 (1982)
Ryan J. GISCLAIR, d/b/a Ryan's Trucking Company
v.
CAJUN TRUCKING, INC.
No. 15073.
Court of Appeal of Louisiana, First Circuit.
October 12, 1982.
Carlton J. Cheramie, of Diaz & Cheramie, Golden Meadow, for plaintiff Ryan Gisclair d/b/a Ryan's Trucking Co.
Robert Morris, of Henderson, Hanemann & Morris, Houma, for defendant Cajun Trucking Co.
Before LOTTINGER, COLE and CARTER, JJ.
CARTER, Judge.
This is an appeal from a judgment rendered by the trial court in favor of the defendant, Cajun Trucking and against the plaintiff, Ryan J. Gisclair dismissing plaintiff's petition for redhibition and/or reduction of purchase price. Appellant assigned as error the failure of the trial court to either rescind the sale or reduce the purchase *340 price on a 1972 dump truck.[1] We affirm.
On December 10, 1979, appellant purchased from Cajun Trucking a 1972 Chevrolet dump truck for $8,000.00. Appellant had worked occasionally as a truck driver, was familiar with gasoline engines, and was a diesel mechanic. He had observed the truck and was impressed with its working ability. Prior to purchasing the truck, appellant personally inspected it, questioned its drivers as to its ability to do the job, and accompanied a driver on one load to observe its condition and operation. Being satisfied with the truck's overall condition and ability, and having been told of the recent clutch repair, appellant decided to purchase the truck.
The truck, prior to and after its purchase by appellant, was working on the construction of a salt water reservoir for the Louisiana Offshore Oil Port, Inc. (LOOP) project in the marsh near Galliano, Louisiana. The working conditions at this project were described as being very hard on trucks because of the harsh environment, and the road and terrain that the trucks had to traverse was extremely muddy and rutted.
Mr. Leonard, President of Cajun Trucking, Inc., testified that frequent repairs are an every day occurrence in the trucking business and especially when working on a project such as LOOP. He and his drivers testified as to various repairs performed on this truck during the approximate five month period that it was working on the LOOP project prior to being purchased by appellant. The solenoid and starter were changed at least once; the pressure plates, disc and freeze plugs were changed; the radiator and fan were replaced; and a universal joint broke and had to be changed. All of these repairs, excluding labor, totalled $1,200.00, and such amount was not regarded as an unusual amount of repair considering the age and work responsibility of the truck.
Within a few days after the sale, appellant began to experience problems with the truck. As a result of these problems, he lost 74 hours of work, spent $388.00 on parts and labor, and ultimately lost the job on the LOOP project. Within a month after the sale, appellant experienced the following problems: the clutch lever breaking; the solenoid was replaced four times and the starter once; the idle bearing breaking and flying into the radiator breaking it; the low or "grandma" gear being inoperable; the distributor gear sheared; and, alternator and carburator problems.
Appellant contends that these are non-apparent defects of which appellee knew or should have known, and existed at the time of the sale rendering the truck totally useless for its intended purpose.
Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold. La.C.C. art. 2520. To prevail in an action for redhibition, the purchaser must establish that the thing sold is absolutely useless for its intended purpose or that its use is so inconvenient that it must be supposed that the purchaser would not have made the purchase had he known of the defect. He must also prove that the defects existed at the time of the purchase, but were neither known nor apparent to him, and that seller could not or would not correct the defects when given the opportunity to do so. Associates Financial Services *341 Co. v. Ryan, 382 So.2d 215 (La.App. 3rd Cir.1980); Purvis v. Statewide Trailer Sales, Inc., 339 So.2d 403 (La.App. 1st Cir.1976).
The warranty created against redhibitory defects applies to the sale of used equipment, but it is not as extensive as in sales of new equipment. Hellman v. Comeaux, 353 So.2d 407 (La.App. 4th Cir. 1977). What is required, is that the equipment must operate reasonably well for a reasonable period of time. Dunn v. Pauratore, 387 So.2d 1227 (La.App. 1st Cir.1980); Hob's Refrigeration & Air Conditioning, Inc. v. Poche, 304 So.2d 326, 327 (La.1974); Richardson v. French, 253 So.2d 602 (La. App.2d Cir.1971). Therefore, obviously the sale of an old truck does not carry the same warranty as does the sale of a new truck. Inherent in the sale of an old truck is the knowledge that the machinery and parts are worn and subject to breakdown and that the vehicle will require substantial mechanical work from time to time to keep it in running condition.
The warranty that applies to the sale of used equipment must also be qualified by the conditions under which the equipment is used. Here, the appellant knew the truck was purchased for a very difficult job even for a new truck. Not only had appellant been a driver at the LOOP project prior to this purchase, he was aware of the difficult driving conditions which these trucks had to endure and had on occasion seen this particular truck stalled with some type of mechanical problem prior to the purchase.
The trial judge determined as a matter of fact, that appellant failed to carry his burden of proof by establishing by a preponderance of the evidence that the problems which this 1972 truck was experiencing were redhibitory defects. The trial judge concluded that the type of defects experienced by the appellant in the instant case are such that one could reasonably conclude would occur to a vehicle of this advanced age, being used under strenuous and taxing circumstances. As the trial judge so aptly phrased it, these problems were part of the cost of doing business rather than redhibitory defects. The trial judge further determined as a matter of fact, that the appellant failed to prove that the defects were sufficient to justify a reduction in the purchase price. In view of the evidence of record, these determinations by the trial judge were not clearly wrong. Deason v. Mobil Oil Corp., 407 So.2d 486 (La.App. 1st Cir.1981); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
For the above and foregoing reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] This matter went to trial after an exception of prematurity had been filed and referred to the trial on the merits. Apparently, all parties thought that an answer had been filed and it was discovered after trial on the merits, that the defendant had not filed an answer. Plaintiff contends that under the provisions of Article 1004 of the Louisiana Code of Civil Procedure, all of the allegations of his petition were admitted by the defendant since no formal answer was filed. It is well settled that the right to object to the failure to file an answer is waived if the parties proceed to trial without objection. Evidence received without opposition effectively enlarges the pleadings, puts at issue all allegations of plaintiff's petition, and is properly received even if no formal answer has been filed. Nicosia v. Guillory, 322 So.2d 129 (La.1975); Ducote v. Ducote, 183 La. 886, 165 So. 133 (La. 1935); Houston River Canal Co. v. Reid, 127 La. 630, 53 So. 887 (La.1910). Cf. Franks v. Mercer, 401 So.2d 470 (La.App. 2d Cir.1981).