WARD, Judge.
Joseph Micelli appeals the post-trial dismissal of his suit against Thomas Moore, asserting that Moore was not entitled to a judgment in his favor because he did not file an answer to the lawsuit. We hold that by going to trial Micelli waived his right to object to Moore’s failure to answer, and we affirm the judgment.
Micelli and an employee of his private investigation business, Richard Miller, originally filed suit for damages against Raymond Moore, Thomas Moore’s brother, alleging he had intentionally destroyed certain photographic equipment belonging to them. The plaintiffs later amended their petition to name both Raymond and Thomas Moore as defendants. Although both defendants received service of process, only Raymond Moore filed an answer. The plaintiffs filed a motion to set the case for trial, and after several delays a trial was conducted on June 24, 1985. Both plaintiffs and both defendants, with their respective attorneys, personally participated in the trial.
At the close of trial, counsel for the plaintiffs orally moved to amend the petition to add as party plaintiff Micelli’s business, National Investigators, Inc. The mo *1299 tion was denied. Thomas Moore’s counsel then moved for a directed verdict against Micelli on the grounds that the evidence showed that the destroyed equipment claimed by Micelli actually belonged to National Investigators. The Trial Judge granted the motion. He then granted a directed verdict denying all remaining claims against Raymond Moore because the evidence showed that Thomas, not Raymond, had destroyed the equipment. After these rulings, the Trial Judge granted judgment for $550.00 in favor of Richard Miller against Thomas Moore for the destruction of a camera belonging to Miller.
On appeal, counsel for both plaintiffs argues that “judgment rendered, as it relates to Thomas Moore, either in his favor or against him, is an absolute nullity.” Although we cannot comprehend why Richard Miller would want to annul his $550.00 judgment against Thomas Moore, we nonetheless, find no nullity.
In support of his argument, plaintiffs’ counsel cites La. C.C.P. art. 2002(2) and case law which allow annullment of judgments rendered against defendants who did not receive service of process or against whom a default judgment was rendered without the requisite entry of a preliminary default. These authorities are inapplicable because Thomas Moore received service of process and there was no default judgment in this case.
Louisiana courts have consistently held that failure to join issue, either by filing an answer or by entering a preliminary default, is waived where parties who have been served go to trial on the merits without objection. Gisclair v. Cajun Trucking, Inc., 421 So.2d 339 (La.App. 1st Cir. 1982); Franks v. Mercer, 401 So.2d 470 (La.App. 2nd Cir.1981); Manuel v. Broderson, 298 So.2d 333 (La.App. 3rd Cir.1974). A defendant is not required to answer when a plaintiff foregoes his right to a default judgment and proceeds to trial on the merits. We believe this rule particularly applicable when, as in this case, all parties personally participate in the trial and the party who complains after judgment is the party who moved to have the case set for trial. Although it appears that the plaintiffs in this case may well have merely overlooked Thomas Moore’s failure to answer at the time they requested a trial date, we will not entertain their objection now that a judgment has been rendered absolving Thomas Moore of liability to Joseph Micelli.
We therefore affirm the judgment of the Trial Court with all costs of appeal to be paid by Joseph Micelli.
AFFIRMED.