SAVOIE, Judge.
This is a suit in redhibition involving a diesel truck. T & J Trucking Company brought suit against Day Motors, Inc., d/b/a Peterbilt of Louisiana, PACCAR, Inc., and Nelson Dupuis.[1] These defendants were the seller of the truck, manufacturer of the truck and the service manager of Day Motors, Inc. respectively. Day Motors third partied Cummins Engine Company, Inc., the manufacturer of the engine. Subsequently, plaintiff added Cummins as a defendant.
T & J Trucking purchased a used 1981 Peterbilt truck from Day Motors on May 81, 1983. The truck was equipped with a diesel engine manufactured by Cummins. At the time of the purchase by T & J Trucking, the truck had been driven approximately 124,000 miles by the previous owner. Day Motors had acquired the truck by a repossession. It was necessary for Day Motors to have the truck towed from Lafayette to Baton Rouge because the front and rear differential assembly needed to be overhauled. The internal repair orders of Day Motors reflected a total of $9,337.37, in labor and parts, spent in repairing the truck prior to T & J Trucking receiving the truck. The internal repair orders represent work done on the truck and billed to Day Motors. Timmy Martin, the owner of T & J Trucking, examined the truck and test drove it before purchasing it for a total price, including tax and license, of $50,824.50. A portion of the work reflected on one of the internal work orders was for repairs requested by Martin after test driving the truck.
A few days after purchase of the truck, Martin took possession of the truck and drove the truck to Houston to purchase a trailer. Subsequently, he began using the truck for commercial hauling. The truck was driven approximately 3,500 miles in an eight to ten day period, at which point the crankshaft broke.
When the crankshaft broke, Martin had the truck towed to Williams’ Diesel and Gas Repair, where the engine was removed and disassembled. The following day Phil Burnett, a salesman at Day Motors, phoned Martin to see how the truck was working out. Martin informed Burnett of the breakdown. Nelson Dupuis and Burnett then went to Williams’ Diesel to inspect the engine. In order for the repairs to receive warranty coverage, it was necessary for the work to be done in the shop of Day Motors, an authorized Cummins dealer. The replacement of the crankshaft was completed in one and a half days by Day Motors. The total cost of the repairs for the broken crankshaft was $4,388.72. At the time, Cummins provided a limited warranty on its engines which included a warranty on the crankshaft for 300,000 miles. *1161 Under that warranty, Cummins offered coverage for the cost of the crankshaft in the event that replacement was necessary. Pursuant to that warranty, Cummins paid $2,440.17 which represented more than one-half of the costs of repairs with tax.
The repaired engine was returned to Williams’ Diesel to be reinstalled in the truck. After the engine was reinstalled and cranked up, it was discovered that one of the cylinder heads was damaged. As a result of that damage, a second set of repairs became necessary. Day Motors replaced all of the cylinder heads with reconditioned heads. Cummins provided warranty coverage and paid $573.17, approximately half of the total costs of repairs. T & J Trucking paid for these repairs with a check for $605.86 yet promptly stopped payment on the check. After these repairs were completed, T & J Trucking had no further problems with the engine.
Six months after T & J Trucking purchased the truck, the rear differential assembly malfunctioned and was replaced. The rear differential assembly had been overhauled by Day Motors a few days prior to the purchase of the truck by T & J Trucking.
Day Motors installed a dual exhaust flex pipe at the request of T & J Trucking on June 6, 1983. Five months later, it was necessary for T & J Trucking to replace one of the exhaust flex pipes.
Eight months after T & J Trucking purchased the truck, it replaced the clutch and other worn parts in the transmission. Other various items were repaired at various times during the sixteen months plaintiff owned the truck.
On September 26, 1984, T & J Trucking traded in the Peterbilt truck for a smaller Mack truck and received $24,000.00 credit on the trade-in and $5,000.00 in cash.
Trial on the merits was heard in two parts, on January 30,1986 and on February 28, 1986. On June 3, 1986, judgment was rendered in favor of plaintiff, T & J Trucking and against defendants, Day Motors and Cummins. The judgment cast Day Motors in judgment for $9,000.00 for a reduction in the purchase price of the truck in addition to expenses incurred in repairing the truck in the total amount of $7,604.05, subject to a credit of $2,407.45 representing the total of checks written to T & J Trucking by Day Motors. The judgment also cast Cummins in judgment as third party defendant for the sum of $8,000.00, representing the reduction in purchase price of the truck in addition to the sum of $5,992.06, representing expenses for repairs by T & J Trucking subject to the same credit given Day Motors. The court further awarded $3,500.00 against Cum-mins to plaintiff’s attorney for attorney’s fees. The court awarded judicial interest on all of the above awards, including the award for attorney’s fees.
The court denied the plaintiff's claim for damages for down time and denied the claim for repair expenses incurred on some items.
Defendants, Dupuis and PACCAR, Inc., were dismissed with prejudice.
Day Motors appealed seeking reversal of the judgment rendered against it in favor of plaintiff and, in the alternative, full indemnity and attorney’s fees from Cum-mins. Cummins filed a motion for new trial. In response to said motion the court, on January 20, 1987, modified the original judgment against Cummins in two respects. The court increased Cummins’ credit for warranty payments from $2,407.45 to $3,013.87 and the court awarded- attorney’s fees in the amount of $3,500.00 to the plaintiff rather than to his counsel. In all other respects, the judgment remained the same. Cummins has appealed from this new judgment.
Plaintiff answered both appeals requesting an increase in attorney’s fees and damages for its down time.
Appellants and appellee listed numerous assignments of error. However, all assignments of error can be concisely covered by review of the following issues:
1. Whether the trial court was clearly wrong in finding the existence of redhibi-tory vices at the time of sale.
2. Whether the trial court was correct in finding that plaintiff was entitled to a *1162 reduction in the purchase price of his truck.
3. Whether the trial court was correct in denying defendants’ claim for a credit for use.
4. Whether the trial court was correct in denying plaintiffs claim for damages as a result of down time.
5. Whether Day Motors and/or Cum-mins are liable for attorney’s fees.
6. Whether legal interest can be awarded on attorney’s fees.
7. Whether a claim for attorney’s fees against a defendant who is not sued within the prescriptive period is interrupted by suit against a co-defendant who is sued timely but is not cast for attorney’s fees.
We elect to discuss the first four issues in a general discussion of redhibition and to discuss the remaining three issues in a general discussion on attorney’s fees.
REDHIBITION OR QUANTI MINORIS
The plaintiff’s original petition claimed the plaintiff was entitled to a rescission of the sale or, in the alternative, a reduction of the purchase price. In order for a claim in redhibition to stand, the vice or defect in the thing sold, must render it “either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.” LSA-C.C. art. 2520.
The plaintiff owned the truck for approximately sixteen months during which time he operated the truck for commercial hauling purposes. Since plaintiff no longer owned the truck at the time of trial, rescission would not be appropriate. In such instances, a reduction in the purchase price may be warranted.
The trial court awarded plaintiff a reduction in the purchase price and therefore, must have found that defects existed at the time of the sale. Since there were no reasons for judgment the particular basis for the trial court’s findings are unknown to us, however great weight must be given to the trial court’s findings. We cannot say that the trial court was clearly wrong in this determination. “Whether the defect in the thing ... be such as merely to diminish the value, the buyer may limit his demand to the reduction of the price.” LSA-C.C. art. 2541. The engine problems alone were defects which diminished the utility of the truck, and as such constitute a partial failure of consideration. Webb v. Polk Chevrolet, Inc., 509 So.2d 139 (La.App. 1st Cir.1987). Additionally, we note that tender for repair is not a prerequisite to an action for reduction in price. Webb, 509 So.2d at 143. Therefore, we do not need to determine if Day Motors was given a reasonable opportunity to repair.
Day Motors cites Gisclair v. Cajun Trucking, Inc., 421 So.2d 339 (La.App. 1st Cir.1982) in support of the rule of law that the warranty against redhibitory defects in sales of used equipment is not as extensive as in sales of new equipment. In Gisclair, the court determined that the defects in a used dump truck were not redhibitory defects. We find our case factually distinguishable from Gisclair. In Gisclair the used dump truck involved was approximately eight years old and had been used on the construction site of a salt water reservoir. The working conditions were described as being very hard on trucks because of the harsh environment and the extremely muddy and rutted road which the trucks had to traverse. In this case the truck was two years old and had been driven approximately 124,000 miles for commercial hauling purposes. We can not say that the trial court was clearly wrong in determining that the warranty against redhibitory defects existed at the time of the sale to such an extent as to justify an award in quanti minoris. Therefore, we find that plaintiff is entitled to a reduction in the price of the truck.
In determining the reduction in price, the trial court may consider “the difference between the sale price and the price the reasonable buyer and seller would have agreed upon if they had known of the defects.” Menville v. Stephens Chevrolet, Inc., 300 So.2d 858, 862 (La.App. 4th Cir.), *1163 writ denied, 303 So.2d 186 (La.1974). A principal element in formulating the amount of the reduction in the purchase price is the cost of repairs. Griffin v. Coleman Oldsmobile, Inc., 424 So.2d 1116 (La.App. 1st Cir.1982).
We cannot determine why the trial court reached its decision, because we were not favored with reasons for judgment. However, upon review, we find that the award in quanti minoris should be limited to the cost of repairing the crankshaft, cylinder heads, transmission, rear differential assembly and the exhaust flex pipe. All other repairs were not the result of redhibitory defects. These repairs constitute the principal elements upon which our reduction of the purchase price is based. When the seller is held liable because of redhibitory defects in the thing sold, the seller shall have a corresponding and similar right of action against the manufacturer for any losses sustained by the seller. LSA-C.C. art. 2531. The total amount of the repairs is $7,780.04. Of this total $6,491.85 is allotted to engine defects and $1,288.19 is allotted to other truck defects. Therefore, Day Motors is east in judgment for the total amount, subject to a credit for checks written to T & J Trucking; and Cummins is liable to Day Motors for amounts allotted to engine defects, subject to a credit for checks written to Day Motors for the benefit of T & J Trucking. The trial court’s award of expenses for repairs in addition to the reduction in price was not supported by the record and was erroneous.
Plaintiff asserts that the trial court erred in denying his claim for damages as a result of down time. We assume that the trial court denied this claim because the plaintiff did not establish such damages. The plaintiff claimed approximately twenty days of down time due to the truck being repaired. Yet, a review of the pertinent repair invoices, checks and check stubs indicates that the truck was actually being repaired during a period of approximately thirteen days. T & J Trucking records and testimony established that work is not always available to plaintiff because of the nature of his business. Plaintiff did not prove that work was available on each day during the period of down time. Testimony concerning plaintiffs income was inconclusive at best. Testimony was not offered concerning daily expenses. Therefore, it is impossible to determine plaintiffs average daily net income. We find that the plaintiff did not carry his burden of proving loss of income during down time and therefore, the trial court did not err in denying plaintiffs claim for damages.
Defendants claim that they are entitled to a “credit” for use of the truck by plaintiff. When an award in quanti minoris is granted, the seller is not entitled to a credit for use. The buyer retains the item sold and as owner is entitled to its use. Weber v. Crescent Ford Truck Sales, Inc., 393 So.2d 919 (La.App. 4th Cir.), writ denied 400 So.2d 667 (La.1981).
ATTORNEY’S FEES
A seller who did not have knowledge of a defect when the sale took place is considered to have been in good faith. Attorney’s fees in a redhibition suit against the seller are awarded only when the seller knew of the defect and omitted to declare it. LSA-C.C. art. 2545. The trial court cast Cummins, the manufacturer, in judgment for the plaintiff’s attorney’s fees. We must infer from this the court found Day Motors to be a good faith seller who was unaware of the defects. A manufacturer is presumed to have knowledge of the defect in the thing he manufactured and is therefore deemed to be in bad faith and liable to the buyer for attorney’s fees. Under the particular facts of this case we cannot say that the trial court’s judgment against Cummins for plaintiff’s attorney’s fees was clearly wrong.
Day Motors claims the trial court erred by not casting Cummins in judgment for Day Motors’ attorney’s fees. When a redhibitory defect is found the manufacturer is presumed to know of the defect, is deemed to be in bad faith and is liable for attorney’s fees under Art. 2545. Generally this includes an award of attorney’s fees to *1164 the seller on a third party demand against the manufacturer. In this case, the engine manufacturer was cast in judgment in indemnity for a portion of the award against the seller. The award against the seller included engine defects and other truck defects. An award of attorney’s fees to Day Motors is unwarranted because Cum-mins is not liable in indemnity for the entire award against Day Motors.
We now address the issue of interest on the award of attorney’s fees. Attorney’s fees in redhibition actions are authorized by LSA-C.C. art. 2545. Judicial interest is due on said attorney’s fees from the date awarded. Alexander v. Burroughs Corp., 359 So.2d 607 (La.1978); Gitschlag v. U.S. Home Corporation, 506 So.2d 1236 (La.App. 1st Cir.1987). Therefore, the trial court’s award of interest on attorney’s fees is proper.
The last issue to be discussed concerns whether a claim for attorney’s fees against a defendant who is not sued within the prescriptive period is interrupted by suit against a co-defendant who is sued timely but is not cast for attorney’s fees. Addressing the facts of this case, we find that prescription was interrupted. Louisiana Civil Code article 1799 states that “[t]he interruption of prescription against one solidary obligor is effective against all solidary obligors and their heirs.” Solidary liability exists between the vendor and the manufacturer in redhibitory actions. Media Production Consultants, Inc. v. Mercedes-Benz of North America, Inc., 262 La. 80, 262 So.2d 377 (1972). Day Motors and Cummins were solidary obligors as to the engine and any incidents thereto. Day Motors was sued timely and prescription does not run if one solidary obligor is sued timely. Prescription was interrupted as to Cummins insofar as the engine is concerned.
Considering the foregoing reasons, we amend the trial court judgment to read as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment on the main demand in favor of plaintiff, T & J Trucking, Inc. and against defendant Day Motors, Inc., d/b/a Peterbilt of Louisiana, for the sum of $7,780.04, subject to a credit of $2,407.48, plus legal interest thereon from date of judicial demand, until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment on the main demand in favor of plaintiff, T & J Trucking, Inc. and against defendant, Cummins Engine Company, Inc., for the sum of $3,500.00 as attorney’s fees.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment on the third party demand of Day Motors, Inc., d/b/a Peterbilt of Louisiana, and against third party defendant Cummins Engine Company, Inc. for $6,491.85, subject to a credit of $3,013.34, plus legal interest thereon from date of judicial demand, until paid.
In all other respects the judgment of the trial court is affirmed.
Day Motors, Inc., d/b/a Peterbilt of Louisiana and Cummins Engine Company, Inc. are cast for all costs of court, same to be paid by them in equal proportions.
AFFIRMED IN PART, AMENDED IN PART AND AS AMENDED AFFIRMED.

. In plaintiffs petition, the names of two defendants, Peterbilt and Dupuis, were spelled incorrectly. We have used the correct spelling in our opinion.