DOMENGEAUX, Judge.
Ernest T. Kuykendall commenced these proceedings in July of 1977, seeking damages for personal injuries he allegedly suffered in July of 1976, when he fell from a piece of heavy equipment leased by his employer. Kuykendall named as defendants, among other parties: (1) Circle, Inc. (Circle), the owner-lessor of the equipment; (2) Employers Mutual Liability Insurance of Wisconsin (Employers Mutual), Circle’s insurer; and (3) Leo Messa, Sr., an employee of Circle.
Kuykendall alleged that at the time of his injury he was in the employ of Pent-zien, Inc. (Pentzien) and that he was an “oiler” on a 500,000 pound dragline leased by Pentzien from Circle. He asserted that he fell from the dragline, as he was descending the equipment, because he hooked his foot on a piece of metal which was protruding from one of the “shoes” of the dragline. The “shoes” of the dragline are pontoon-like objects on which the equipment “walks” or is slid. Kuykendall further alleged that a “handrail”, referred to by the defendants as a “grabrail”, designed to assist workers ascending and descending the dragline, was missing.
Kuykendall maintained entitlement to recovery pursuant to La.Civ.Code art. 2315 (1870) (as amended), ordinary negligence, and La.Civ.Code art. 2317 (1870), strict liability founded on the custody of a thing which creates an unreasonable risk of harm. Trial was held in December of 1986, and a jury returned a verdict exonerating Circle and, therefore, Employers Mutual, of any liability. The jury pursuant to jury interrogatories concluded that Circle had not committed any negligent acts, that Circle was not guilty of any legal fault according to the provisions of Article 2317 and that Kuykendall was guilty of victim fault which was a proximate cause of his injuries. The liability of Messa was not addressed by the jury because, prior to submission of the case for a verdict, Messa moved for and was granted a directed verdict.
Kuykendall sought this review and assigned seven errors. He maintains:
(1) The Trial Court erred in rendering judgment in favor of Employers Mutual Liability Insurance of Wisconsin because Employers Mutual never filed an answer to his “Second Supplemental and Amending Petition” and because a preliminary default judgment had been taken against Employers Mutual prior to the beginning of trial;
(2) The jury was manifestly erroneous in concluding that Circle was not strictly liable according to the provisions of Art. 2317;
*1254 (3) The jury was manifestly erroneous in concluding that he had voluntarily exposed himself to a known risk, thereby, finding victim fault;
(4) The Trial Judge abused his discretion by permitting the defendants to introduce into evidence video tapes which were cumulative and prejudicial;
(5) The Trial Judge abused his discretion by permitting the video tapes to be introduced into evidence without the proper foundation having been laid;
(6) The Trial Judge abused his discretion by permitting the defendants to introduced into evidence an edited version of the video tapes which had not been exhibited to his attorney prior to trial; and
(7) The Trial Judge abused his discretion by permitting the defendants to introduce into evidence video tapes because the defendants did not produce the tapes for inspection in their entirety until after the deadline prescribed in the pretrial order and the extensions mutually agreed upon by his attorney and counsel for the defendants.
The plaintiffs initial issue on appeal suggests that the Trial Court erred in rendering judgment in favor of Employers Mutual subsequent to Kuykendall’s obtaining a preliminary default judgment against Employers Mutual on the grounds that the defendant had failed to file an answer to his “Second Supplemental and Amending Petition” naming Employers Mutual as a defendant. Subsequent to our review of the law and the record, we do not believe the Trial Judge erred.
The evidence reveals that Kuykendall filed a “Second Supplemental and Amending Petition” naming Employers Mutual as a co-defendant on June 2, 1986, and that a preliminary default judgment was taken against Employers Mutual on December 4, 1986. Despite assertions by the plaintiff in his appellate brief that the preliminary default judgment had been confirmed, assertions which were unaccompanied by record references, our review of the record revealed no confirmation. Kuykendall, having proceeded to trial on the merits without confirming his preliminary default, waived his right to a default judgment. Ducote v. Ducote, 183 La. 886, 165 So. 133 (1935); Manuel v. Broderson, 298 So.2d 333 (La.App. 3rd Cir.1974); Micelli v. Moore, 499 So.2d 1298 (La.App. 4th Cir.1986); Gisclair v. Cajun Trucking, Inc., 421 So.2d 339 (La.App. 1st Cir.1982).
Kuykendall’s second issue on appeal questions the jury’s conclusion that Circle was not guilty of any legal fault which would have rendered it strictly liable according to Article 2317. Article 2317 provides, in part:
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody-
Our jurisprudence, as pertains to the instant case, has long established that for an injured person to recover pursuant to Article 2317 he must prove that there was a thing, which was in the custody of the defendant and that the thing had a vice, i.e., a defect which created an unreasonable risk of injury. Entrevia v. Hood, 427 So.2d 1146 (La.1983); Loescher v. Parr, 324 So.2d 441 (La.1975).
Subsequent to our review of the record, we are unable to conclude that the decision of the jury is manifestly erroneous. Virgil v. American Guarantee & Inability Insurance Company, 507 So.2d 825 (La.1987); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The manifest error standard of review is a demanding burden intended to obligate appellate courts to give great regard to the conclusions of trial court judges and juries. While the record reveals evidence which could establish liability on the part of Circle, the record also includes evidence presented by the defendants which precludes us from reversing the decision of the jury. We do not believe, following a thorough reading of the trial transcript, that the decision reached by the jury is clearly wrong.
Having previously concluded that the judgment of the lower court exonerating *1255 the defendants from strict liability pursuant to Article 2317 is not manifestly erroneous, we need not address the remaining errors assigned by Kuykendall. The question of victim fault and those involving the introduction of the video tapes for the purpose of defending Kuykendall’s damage claims will, therefore, not be addressed.
For the above and foregoing reasons, the judgment of the District Court is affirmed.
All costs of this appeal are assessed against Ernest T. Kuykendall.
AFFIRMED.