Judgment rendered April 13, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,230-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

J. SCHUYLER MARVIN, 26TH                    Plaintiff-Appellee
JUDICIAL DISTRICT ATTORNEY


versus


ROBERT BERRY, and CYPRESS                   Defendants-Appellees
BLACK BAYOU RECREATION
And WATER CONSERVATION
DISTRICT

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. C-162,928

Honorable E. Charles Jacobs, Judge

* * * * *

LOUISIANA DEPT. OF JUSTICE,            Counsel for Appellants-
CIVIL DIVISION                         Plaintiffs in Intervention,
By: Assistant Attorneys General:       the State of Louisiana
    Madeline Carbonette                and Attorney General
    Emily G. Andrews                   Jeffrey M. Landry, in
    Angelique Duhon Freel              His Official Capacity


J. SCHUYLER MARVIN                     Counsel for Plaintiff-
26th Judicial District Attorney        Appellee, J. Schuyler
                                       Marvin

LAW OFFICE OF RONALD J. MICIOTTO, LLC
By: Ronald J. Miciotto
 Justin P. Smith

Counsel for Defendant-Appellee-Robert Berry

AYRES, SHELTON, WILLIAMS, BENSON & PAINE, LLC
By: Lee H. Ayres
 Alexandra E. Vozzella

Counsel for Defendant-Appellee, Cypress Black Bayou Recreation & Water Conservation District

\* \* \* \* \*

Before PITMAN, STEPHENS, and THOMPSON, JJ.

**PITMAN, J**.

Intervenor-Appellant the State of Louisiana, through the Attorney General's Office (the "AG"), appeals the district court's granting of summary judgment in favor of Defendants-Appellees Robert Berry and Cypress Black Bayou Recreational and Water Conservation District (the "District"); declaration that Berry is not in violation of the Dual Officeholding and Dual Employment Law, La. R.S. 42:61, et seq.; and dismissal of the claims of Plaintiff-Appellee J. Schuyler Marvin, the District Attorney of the 26th Judicial District (the "DA"). For the following reasons, we affirm the trial court's denial of the AG's petition to intervene.

## FACTS

On July 10, 2020, the AG notified Berry of a complaint that he was violating the Dual Officeholding and Dual Employment Law through his employment as the District's Executive Director and service as a member of the District's Board of Commissioners (the "Board").

On August 19, 2020, the DA filed a petition for declaratory judgment (the "DA's suit"). He stated that the Bossier Parish Police Jury appointed Berry to the District's Board, and the Board then hired him as the District's Executive Director. The DA requested that the district court declare whether Berry held incompatible offices in his appointed and employed positions and, if so, declare one office or employment vacant and enjoin Berry and/or the District from further carrying out the duties of that office or employment.

On October 23, 2020, Defendants filed a motion for summary judgment. They requested that the district court determine that there are no genuine issues as to material fact, render a declaratory judgment that Berry

is not in violation of La. R.S. 42:64 and dismiss the DA's claims with prejudice.

On November 6, 2020, the DA filed an opposition to the motion for summary judgment. On November 12, 2020, the parties filed a joint motion to submit the motion for summary judgment and opposition on briefs and waive oral argument.

On November 18, 2020, the AG filed a petition to intervene. It stated that, as necessary for the assertion or protection of any right or interest of the State, it has the authority to institute, prosecute or intervene in any civil action or proceeding. It contended that the DA's petition implicates its powers and duties to petition for a declaratory judgment against a person alleged to be holding incompatible offices or employments. It noted that it filed its own suit (the "AG's suit") arising from Berry's violations and that the AG's suit may be affected by the proceedings in the DA's suit.

Also, on November 18, 2020, the AG filed a motion to continue the hearing on the motion for summary judgment. It argued that as it had just intervened in the proceedings, the timetable clearly prejudiced its ability to adequately represent the State's interests. The district court denied this motion.

On November 20, 2020, the AG filed an opposition to Defendants' motion for summary judgment. It argued that summary judgment was inappropriate because it had not had the opportunity to conduct discovery and because genuine issues of material fact existed.

On November 23, 2020, Defendants filed an opposition to the petition to intervene. They noted that the AG was aware of the DA's suit in August 2020 when the DA informed the AG of its petition; that in September 2020,

2

the AG filed a separate but identical petition for declaratory judgment; and that Berry filed an exception of lis pendens in the AG's suit. They contended that the AG's petition to intervene was not timely as it was filed five days before a hearing on the motion for summary judgment and alleged that intervention was sought for the sole purpose of delaying the hearing.

On November 23, 2020, Defendants replied to the AG's opposition to their motion for summary judgment. They argued that the AG's motion was not timely and that it failed to present evidence of a material factual dispute.

On November 23, 2020, the AG filed a response to Defendants' opposition to its petition to intervene. It argued that its intervention already occurred without necessity for leave of court; and, therefore, there was nothing for them to oppose.

A hearing was held on November 24, 2020. The district court denied the AG's petition to intervene and motion to continue. It questioned why the AG waited to intervene in this case and noted that the AG's suit had the same facts as the DA's suit. The district court granted Defendants' motion for summary judgment and rendered declaratory judgment that Berry's positions as a Board member and Executive Director do not constitute incompatible offices pursuant to La. R.S. 42:64. On December 2, 2020, the district court filed a judgment granting Defendants' motion for summary judgment.

On December 22, 2020, the AG filed a petition for a suspensive appeal from the November 24 and December 2, 2020 rulings.[1] On

---

[1] The AG also filed a notice of intent to apply for supervisory writs. This court took judicial notice of its receipt of the appeal in this matter and referred the issues raised in the application for supervisory review to the merits of the appeal.

3

December 30, 2020, Defendants filed an opposition to the AG's petition for suspensive appeal and argued that the AG is not a party to the instant suit and does not have the right to appeal.

On September 2, 2021, Berry and the District filed with this court an exception of no right of action and argued that the AG does not have a right to appeal. On September 22, 2021, this court signed an order referring the issues raised in the exception to the merits of the appeal.

## DISCUSSION[2]

The AG argues that the district court improperly denied its petition to intervene. It states that pursuant to the Louisiana Constitution and La. C.C.P. art. 1033, it has the right to intervene in this case which it refers to as an ordinary proceeding. It contends that the dismissal of its intervention should be reversed and the case remanded to permit it to properly litigate the claims against Berry.

Defendants argue that the district court properly denied the AG's petition to intervene. They contend that the AG was not entitled to intervene without leave of court in this summary proceeding. They state that the district court properly exercised its discretion in denying the petition when considering the timeliness of the intervention, the resulting delays and the burdens placed on the existing parties if the intervention was permitted.

La. Const. art. IV, §8, sets forth the powers and duties of the attorney general and states, in pertinent part, "[a]s necessary for the assertion or protection of any right or interest of the state, the attorney general shall have

_____

[2] The DA filed an appellate brief and stated that it is an uninterested party in this appeal.

authority (1) to institute, prosecute, or intervene in any civil action or proceeding."

La. Const. art. V, §26, sets forth the powers of district attorneys and states, in pertinent part, that the district attorney:

> shall have charge of every criminal prosecution by the state in his district, be the representative of the state before the grand jury in his district, and be the legal advisor to the grand jury. He shall perform other duties provided by law.

La. R.S. 16:1(B) adds that district attorneys "shall represent the state in all civil actions." The district attorneys may bring an action within their jurisdiction for the state or any of its agencies. *Franks v. Mercer*, 401 So. 2d 470 (La. App. 2 Cir. 1981).

In La. R.S. 42:65(A)(1)(a), the Dual Officeholding and Dual Employment Law states that:

> The attorney general, a district attorney, or any citizen of the state of Louisiana may by summary process petition for a declaratory judgment against a person alleged to be holding or to have held incompatible offices or employments or holding or have held a combination of offices or employments prohibited in this Part.

In the case *sub judice*, it was not "necessary" for the AG to intervene in this case; and, therefore, the district court did not err in denying the AG's petition to intervene. The DA filed the petition for declaratory judgment in this matter, through which he represented the interests of the state in his district. This action by the DA eliminated the necessity of the AG to intervene in this suit or to file a separate suit.

Although the AG argues that it had the right to intervene without leave of court pursuant to the first paragraph of La. C.C.P. art. 1033, this argument is incorrect. La. C.C.P. art. 1031 classifies intervention as an incidental demand; and pursuant to La. C.C.P. art. 1036, the mode of

5

procedure employed in the incidental action shall be the same as that used in the principal action, except as otherwise provided by law. As the DA's suit is a summary proceeding, Defendants were not required to file an answer. La. C.C.P. art. 2593. Therefore, La. C.C.P. art. 1033 is inapplicable to this case.

Accordingly, this assignment of error lacks merit. This finding pretermits discussion of the AG's remaining assignments of error regarding the motion for summary judgment and of Defendants' exception of no right of action.

## CONCLUSION

For the foregoing reasons, we affirm the district court's denial of the State of Louisiana's, through the Attorney General's Office, petition to intervene. Costs in the amount of $3,638 are assessed to the State of Louisiana, through the Attorney General's Office.

**AFFIRMED.**